## Dolinar *v.* Pittsburgh, Appellant.

Argued April 15, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Sidney J. Watts,* for appellant.

*Lloyd O. Hart,* for appellee.

Opinion by Hirt, J.:

Anton Dolinar, 51 years of age, died on December 15, 1937. The cause of death at the autopsy was found

to be chronic myocarditis with angina pectoris as a secondary cause; there was no evidence of external injury. The question in this appeal is whether there is substantial competent evidence, sufficient to support the finding of the board "That the decedent as a result of undue effort and exertion expended by him in attempting to place a derailed car on the tracks in the defendant's mine at about 1:30 o'clock in the afternoon of December 15, 1937 so aggravated a pre-existing chronic myocarditic condition by physical strain and exertion as to produce a palpitation of the decedent's heart which precipitated his death ...... which strain ...... was such violence to the physical structure of the decedent's body as to be an accident within the meaning of the Workmen's Compensation Act."

Decedent had been employed by defendant for about eight years and at seven o'clock in the morning of December 15, 1937, the day of his death, went to his usual employment in defendant's mines. Though he had complained of fatigue for a number of days he was in apparent good health. From the fact, found at the autopsy, that his heart was enlarged and the left ventricle greatly thickened, it is conceded that he had been suffering from a serious chronic heart ailment for some time; there was also accompanying high blood pressure. His work consisted in driving a horse in the mine hauling cars of coal from the rooms where loaded, to the main heading where the cars were collected by another workman and hauled out of the mine by means of an electric motor. In a normal day's work it was not unusual for cars to become derailed and in the ordinary course, more cars jumped the track on some days than on others. It was part of his duty, with a fellow workman, to replace the cars on the track. At the end of the working day, Dolinar went out of the mine, walked about 200 feet when he collapsed and died almost immediately.

The referee as well as the board, on a finding of ac-

cident from overexertion, made an award, which, on appeal to the lower court, was affirmed, and judgment was entered accordingly.

If there is competent evidence sufficient to support the finding of the board we are concluded by that finding. But disability overtaking an employee at his work is not compensable unless the result of an accident. And the burden is on claimant to prove that death was accidental and not from natural causes. *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247. The fact that an employee suffered from a chronic ailment which made him susceptible to injury from overexertion does not defeat the right to compensation. *Hill v. Gassner Co.*, 124 Pa. Superior Ct. 217, 188 A. 682. But death hastened merely by the performance of the usual work and ordinary duties of the employee cannot be treated as resulting from an injury from accidental means. *Rocco v. Ellsworth Collieries Co.*, 111 Pa. Superior Ct. 508, 170 A. 316. To sustain an award there must be proof both of an accident and of an injury. "The death of an employee, unless it is the result of some untoward happening, not expected or designed, a mishap or fortuitous happening, aside from the usual course of events, is not compensable under our statute": *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377; *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381.

The fatal weakness in the testimony on behalf of claimant is that it does not supply proof of an accident to decedent while helping to replace a derailed car at any time during the day of his death. There is no evidence of overexertion. The board drew the inference of undue exertion from the muscular effort required to restore a specific loaded coal car to the tracks; it characterized the derailing of that car as "an unexpected or fortuitous happening" though it also found that similar derailments "had often occurred in the course of decedent's work." Manifestly there is noth-

ing unexpected in that which often occurs, and there is no evidence that decedent exerted greater effort in this instance than on other similar occasions. Assuming overexertion, the board from the fact that decedent was covered with perspiration and complained for the first time of pain in the left chest area concluded that he had suffered an accident from overexertion which precipitated his death. These inferences do not follow from the testimony.

The medical testimony does not supply evidence of an accident. The family physician who examined the body testified: "The only thing that I could say might have been the cause of death was the heart failure, in the absence of external evidence of injury." A second doctor, on an assumption of overexertion, believed that to be a contributing cause of death and expressed the opinion "that it was this last day's work that did the damage." A third doctor, a heart specialist, on the same assumption expressed the same opinion but with the qualification that a workman with "a hypertrophic heart, a left sided heart", might live indefinitely "but if he has to work, he is only shortening his life." Referring to the kind of serious heart condition found in decedent, he said: "That heart will come to a breaking point where it can take it no longer ......" "A man might be able to go along and cope with this situation for some time, but eventually, there has to be a breaking point." At most, this testimony amounts to this: either overexertion assumed, or merely the ordinary exertion incident to the usual duties of the employee hastened his death. Only the former can support the finding of an accident.

The mere fact that decedent was stricken immediately after the day's work raises no presumption of an accident. *O'Neill v. Lehigh C. & Nav. Co.*, 108 Pa. Superior Ct. 425, 165 A. 60. And in the absence of direct evidence of an accident or unequivocal medical testimony establishing as a fact that the disability was due to

an accident (*Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995), this appeal is ruled by the Adamchick case, supra, and since there is no evidence "of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it", the judgment must be reversed. The testimony at most supplies proof of disability overtaking an employee in the course of his work and hastening his death.

The doing of an occasional act involving sustained muscular effort may be a part of the usual duties of a workman but, though the work is hard, if it is of the same kind and quantity, and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident. *Rocco v. Ellsworth Collieries Co.*, supra. Replacing derailed cars was part of decedent's work. An extraordinary number of "wrecks" on the day in question might support the finding of an accident because of the unusual quantity of effort involved, but neither the referee nor the board found that decedent helped to replace an unusual number of derailed cars on the day of his death. Moreover, the testimony is insufficient to support a finding to that effect. On behalf of claimant there is evidence that the tracks were in a bad state of repair but also that the condition of the tracks was no different that day than any other day. Harris, another driver who worked with decedent, testified that they had more "wrecks" that day than usual, and said: "We were lifting cars the whole day", and "that was the most wrecks that I ever had in the mine." But he would not estimate the number of derailed cars and the number is nowhere fixed by the testimony at more than "three empties and two loads" and the referee found that number only. This finding was not disturbed by the board and there is no evidence that five derailments in any one day were unusual. There is nothing to be gained by remitting the record to the compensation authorities for a reconsideration of this phase of the case.

Judgment reversed and here entered for defendant.