Crispin *v.* Leedom and Worrall Company (et al., Appellant).

Argued March 24, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*J. Campbell Brandon,* with him *W. D. Brandon, H. S. Millar* and *L. F. McGrath,* for appellant.

*Dale B. Painter,* with him *Clark H. Painter* and *Howard I. Painter,* of *Painter & Painter,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 14, 1941:

In this workmen's compensation case, we allowed an appeal from the Superior Court where an award was made in claimant's favor.

The facts essential to the determination of defendant's liability are these: Claimant, a laborer in defendant's warehouse, fifty-eight years of age, was engaged with another employee in pushing from an electric elevator a truck weighing with its load approximately 1800 pounds. Because of the weight of the truck and its contents, the elevator, operated by automatic con-

trol, came to rest, according to claimant's estimate, an inch to an inch and a half below the floor level of the store-room where the goods were to be placed. The two men were unsuccessful in their first attempt to push the truck over this elevation, but by a second, stronger effort they moved it from the elevator with a "bounce." Neither the disparity between the floor levels nor the effort required to overcome it were unusual circumstances. These conditions had been encountered by claimant a number of times in the course of his regular employment.

Claimant testified that just as the truck "went over" he felt a pain in the region of his heart, experienced a shortness of breath, and got sick. After he and his associate had pushed the truck a distance of about 40 feet from the elevator, he became so ill that he was compelled to sit down and was unable to continue working. He reported to his foreman that he was sick and went home. These statements were corroborated by the man who was working with him.

A doctor, who examined plaintiff on the day of the occurrence, testified that he had an arteriosclerotic condition of the heart which was chronic, that in his opinion he had strained his heart muscle in pushing the truck and that pushing it was a precipitating factor creating the state in which he found him, that what happened on the day in question was that his heart compensation was broken or overstrained, with the result that the heart was unable to come back to its previous condition. The doctor was of opinion that claimant now cannot perform any kind of gainful work. This diagnosis and the prognosis were corroborated by another doctor who subsequently examined claimant.

Under the facts as outlined, is claimant entitled to compensation? The referee, the Board, the Court of Common Pleas and a majority of the Superior Court have decided that he is. We are of opinion, however, that this conclusion is erroneous.

In *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. 2d 377, we pointed out that to establish a right to compensation it must be shown that the claimant met with an *accident* in the course of his employment, reiterating what we had theretofore declared in *Gausman v. Pearson Co.*, 284 Pa. 348, 354, 131 A. 247: "Disability, overtaking an employee at his work, is not compensable unless the result of accident." Summarizing our judgment in the Adamchick case, we said (p. 410): "After giving careful consideration to the provisions of the Workmen's Compensation Act, the policy which underlies it, our own decisions and those of the Superior Court, not all of which seem to be in full harmony, our conclusion is that to secure compensation there must be proof *both* of an accident and of an injury; an accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it. In this case, there was none. Nor can an injury be inferred simply because there was an accident. There must be proof that the injury resulted from an accident."

In the case before us it cannot be said that there was an "accident" in common parlance or within the meaning of the Act. The term could no more be applied to that which here occurred than it could be made to describe a situation where a man pushing a wheelbarrow came in contact with a one inch board lying on the floor, failed in the first instance to use sufficient force to cause the wheel to pass over it, but by exerting more force overcame the obstacle. No one would speak of such an occurrence as an accident.

We have held that disability or death merely hastened by the work in which the employee has been regularly engaged (the situation before us) cannot be treated as accidental. In *Lesko v. Lehigh Valley Coal Co.*, 270 Pa. 15, 112 A. 768, the claimant was stricken while engaged in his usual task of breaking rock in one of the

defendant's collieries, and was rendered unconscious and paralyzed on one side as the result of cerebral apoplexy. There was medical testimony to the effect that he was afflicted with an enlarged heart and arteriosclerosis. We disallowed compensation because at the time of the hemorrhage he was performing the same kind of work in which he had been customarily engaged.

Here, a man with a chronic heart condition, engaged in his customary occupation, under conditions which were not unusual but ordinary, performing an act in which he had engaged on numerous other occasions, further damaged his already damaged heart, not as the result of an accident but in the normal performance of his employment. We are unable to find anything in the Workmen's Compensation Act which would warrant our sustaining his claim.

The order of the Superior Court is reversed and judgment is here entered for defendant.