Evancik, Appellant, *v.* Coal Mining Company of Graceton, Inc. et al.

28

Argued April 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*Arthur I. Zeiger,* for appellant.

*Robert W. Smith, Jr.,* of *Smith, Best & Horn,* for appellee.

OPINION BY HIRT, J., July 23, 1942:
In this case, both the referee and the board disallowed

compensation and the court affirmed. The question is whether there is substantial competent evidence, sufficient to support this conclusion.

Claimant's husband, 57 years old had been employed as a coal miner for a number of years. He was in apparent good health and had worked regularly whenever defendant's mine was in operation. During the morning of April 25, 1940 he, with his 'buddy', Fertal, had loaded four cars of coal. About noon decedent went alone into the main entry; there he pulled a loaded car from the working place on to the main track by means of a hoist. It was his purpose, then to drop an empty car down grade into the room to be loaded. At the time there were a number of loaded cars on the main track which obstructed the switch to the track into the working room and prevented its use. Shortly thereafter Fertal found the body of claimant's husband lying across the track near the switch, between a loaded and an empty car. One end of the empty car apparently had been lifted from the main track on to the room track; one of the rear wheels was derailed. The inference is that deceased, unassisted, had placed the empty car in that position. The claim petition averred that decedent came in contact with an overhead trolley wire, and death resulted from electric shock. In the course of the hearings before the referee, when it appeared that the testimony did not support that averment, claimant amended her petition by substituting the following: "That the deceased lifted one end of an empty mine car from the entry track to the room track, the strain of which aggravated a preexisting brain condition, causing death." There were no witnesses to the occurrence.

The fatal weakness of claimant's testimony is that, though the testimony supports the latter averment, it is wholly insufficient to establish an accident. There is no proof, as contended, that death occurred from overexertion foreign to the duties of decedent's regular em-

ployment. To justify an award "there must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it". *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377. Moving an empty car, on occasion, from one track to another in this manner, was part of decedent's usual duties. The doing of an occasional act involving sustained muscular effort, though the work is hard, will not support the inference of an accident if the act is of the kind and quality usual to the employment and, normally, a part of the workman's duties. *Dolinar v. Pittsburgh*, 140 Pa. Superior Ct. 543, 14 A. 2d 871; *Pastva v. Forge Coal Min. Co.*, 119 Pa. Superior Ct. 455, 179 A. 919. We must agree with the referee in the basic finding, approved by the board, that claimant has failed to prove "by competent evidence that there was an untoward event or unusual occurrence aside from the usual duties of the decedent which could be classed as violence to the physical structure of the body and thus constitute an accident within the meaning of the Workmen's Compensation Act." *Sadusky v. Susq. Collieries Co.*, 139 Pa. Superior Ct. 595, 12 A. 2d 828. Since the evidence fully supports that finding, we may not disturb it. *Corrento v. Ventresca*, 144 Pa. Superior Ct. 358, 19 A. 2d 746.

This case falls within the first group of cases, as classified by Judge CUNNINGHAM in *Royko v. Logan Coal Co.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434, and not the third group, as contended by claimant. A thorough and skillful autopsy was performed by Dr. S. V. Algin who found that deceased had been suffering from "hydrocephalus externus", a progressive disease of the brain of long standing. He found no evidence of injury to the brain. He gave as the immediate cause of death: "Paralysis of the vasomotor and respiratory centers in the floor of the IV ventricle due to pressure"; and as the direct cause of death: "Stagnation of the

cerebro-spinal fluid in the cranial cavity", with other contributing factors. It was the consensus of medical opinion that the effort exerted in moving the empty car caused an increase of intro-cranial pressure damaging vital brain centers and resulting in instant death. All of the medical witnesses were in substantial accord that death was precipitated by exertion but was due to disease. Decedent was a doomed man, for the condition was incurable, and the brain had deteriorated to the stage where, any kind or degree of muscular effort, even sneezing, coughing, or walking about, could have had a fatal result. Even without exertion, as an accelerating factor, claimant's husband then did not have long to live.

Where a preexisting disease is present, and the death of an employee comes in an ordinary way natural to the progress of the disease, there can be no recovery. *Monahan v. Seeds & Durham*, 336 Pa. 67, 6 A. 2d 889. Disability, overtaking an employee at his work, is not compensable unless the result of an accident. *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 2d 247. The fact that the disease renders him more susceptible to injury will not prevent an award, but there must be substantial and competent evidence of an accident. *Royko v. Logan Coal Co.*, supra. An accident cannot be inferred merely from physical collapse; disability or death merely hastened by the work in which the employee has been regularly engaged (the situation before us) cannot be treated as accidental. *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. 2d 400. For want of proof of an accident there can be no recovery in the present case. To the Royko case, and the authorities there collected, determining the propriety of the conclusions of the compensation authorities and the judgment of the lower court, we may add: *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. 2d 759; *Hamer v. Rishel*, 147 Pa. Superior Ct. 585, 24 A. 2d 664; *Eckenroad v.*

32

*Rochester & Pitts. Coal Co.,* 149 Pa. Superior Ct. 257, 27 A. 2d 759; *Mancuso v. Mancuso,* 150 Pa. Superior Ct. 22, 27 A. 2d 779.

Judgment affirmed.