## Wilcox, Appellant, *v.* Buckeye Coal Co. et al.

Argued September 28, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George I. Bloom,* with him *Bloom & Bloom,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney* and *James H. Duff,* Attorney General, for appellee.

OPINION BY ROSS, J., November 19, 1945:

Marie Wilcox, widow of Hubert B. Wilcox, deceased, filed a claim for compensation, alleging that her husband died on June 13, 1938, as the result of an injury on May 25, 1938, which occurred while he was employed by the Buckeye Coal Company as a plumber. On that date the deceased with two other workmen was working for his employer, repairing a leaky fire hydrant. In making this repair it was necessary to dig a hole around the hydrant, which hole was three or four feet wide across the top. During the course of the repair the hydrant was dismantled and the stem removed from the casing. While the other two men stood in the hole and attempted to loosen the stem, Wilcox, standing in a crouching position at the upper edge of the hole and straddling it, attempted to pull up the stem but was unable to do so until the other workmen had loosened rust which had formed on it. After the hydrant and stem were cleaned and reassembled, it was necessary for Wil-

cox to lift the stem out of the casing a second time. After this was done, he left the place of work, calling back certain instructions to his helpers and went to a company store which was about 150 or 250 feet away. When he reached the store he met a friend, Sanner, and stating that he was sick, asked to be taken home. However, Sanner took him to a doctor, where he secured treatment and was then taken home. He remained away from work for a couple of weeks and then returned only in a supervisory capacity, doing nothing which entailed actual physical effort. Wilcox died on June 13, 1938, and an autopsy showed that his death was due to a rupture of the myocardium. For a period of two years previous to his death the deceased had been treated for high blood pressure.

After a claim petition was filed and hearings held the referee awarded compensation to the claimant and to a nephew, an infant member of the Wilcox household. On appeal by the defendant company the Workmen's Compensation Board reversed the finding and decision of the referee and dismissed the claim petition, which was affirmed by the Court of Common Pleas of Greene County, and this appeal followed.

In its seventh finding of fact the board found "that the decedent suffered a strain, usual and customary in his line of work, while removing a fire hydrant stem on May 25, 1938", and in its tenth finding of fact "that the decedent died of a progression of pathological changes viz, coronary thrombosis, infarction and myocardial rupture induced by the ordinary exertion of his regular work".

The burden of proof was upon the claimant to offer proof sufficient to sustain a finding that her husband's death resulted from an accident sustained in the course of his employment. *Mauchline v. State Insurance Fund*, 279 Pa. 524, 124 A. 168; *Seitzinger v. Fort Pitt Brewing Company*, 294 Pa. 253, 144 A. 79. An accident is an occurrence which proceeds from an unknown cause or which is an unusual effect of a known cause and hence unex-

pected and unforeseen. The death of an employee, unless it is the result of some untoward happening, not expected or designed, a mishap or fortuitous happening aside from the usual course of events, is not compensable under our Workmen's Compensation Act. *Lacey v. Washburn & Williams Company,* 309 Pa. 574, 164 A. 724. Over-exertion aggravating an existing disease may constitute an accident, but proof of the aggravation of a preexisting condition, in itself, is not enough; that fact alone does not give rise to an inference that its cause was accidental. *Garver v. B. K. Elliott Company et al.,* 155 Pa. Superior Ct. 511, 38 A. 2d 533. An accident cannot be inferred merely from an injury; there must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicated. *Adamchick v. Wyoming Collieries Company,* 332 Pa. 401, 3 A. 2d 377.

In this case a careful examination of the record does not disclose any evidence, either direct or circumstantial, of an accident. The deceased was employed as a plumber. A plumber's work necessarily entails the repairing of rusted, frozen or broken line fixtures, the assuming of unusual or seemingly awkward positions while doing his ordinary and usual work, and the straining of muscles. The doing of an occasional act involving sustained muscular effort, though the work is hard, will not support the inference of an accident if the act is of the kind and quality usual to the employment, and normally part of the workmen's duties. *Dolinar v. Pittsburgh,* 140 Pa. Superior Ct. 543, 14 A. 2d 871; *Evancik v. Coal Mining Company of Graceton, Inc.,* 150 Pa. Superior Ct. 27, 27 A. 2d 767.

The claimant contends, however, that the position taken by the decedent while performing his work, viz, standing on sloping ground and bending low while pulling on the stem, created an unusual situation which produced an unexpected and unusual injury. With this reasoning we cannot agree. Even an unusual applica-

tion of force, be it manpower or machine power, which produces the desired result, in this case the moving of a stem from a fire hydrant, cannot be said, in the absence of an accidental happening during the application of that power, to create an "unusual situation" which might be twisted into an accident or an accidental happening. Wilcox took the position he intended to take; he removed the stem twice; there was no slipping or falling; there is nothing in the record to show unusual exertion, beyond that which the deceased as a plumber would put forth while doing his usual duties in removing the stem. He did nothing and he said nothing that indicated to his fellow workmen that he had suffered an injury or that he was undergoing any unusual physical exertion. In response to the question asked by the referee, "Was there any indication that he (Wilcox) had hurt himself doing this lifting?" a witness, Harvey, who had been working with Wilcox, answered, "He never said a word. I didn't notice anything. We went right on working. He walked down toward the store and when 100 or 150 feet away, he called back to us and said to be sure to gather up the tools at quitting time."

The instant case is clearly distinguishable from *Buck v. Arndt,* 153 Pa. Superior Ct. 632, 34 A. 2d 823, and *DeEsch v. Emmaus Borough,* 143 Pa. Superior Ct. 225, 18 A. 2d 89, relied upon by claimant. In the *Buck* case the compensation authorities found that although the claimant was doing his usual work in a usual manner, he suffered a strain of one of the heart muscles and that he "dropped the rail (which he was lifting) and was so severely affected that he immediately had to cease work. . . . The claimant's heart was in sound condition up to the time of the alleged accident". In the *DeEsch* case the compensation authorities found that "the decedent exerted himself more than usual in making the arrest and his death was the result of over-exertion", and based this finding on the testimony of a fellow workman as to the conditions existing at the time of the occurrence that

were not usually present in the ordinary course of decedent's duties. In both those cases the factual findings of the compensation authorities were based on legally competent evidence and, therefore, conclusive. In the instant case it was in evidence that the deceased had been treated for high blood pressure for years and the autopsy disclosed evidence of long standing heart disease. What happened to the deceased then was precisely what could have been expected: death caused by a strain upon an already weakened heart and that strain was the result of a normal amount of exertion necessary for the performance of his duties in the ordinary course of the work in which he was employed. There was no accident. Disability or death merely hastened by the work in which an employee has been regularly engaged cannot be treated as accidental. *Crispin v. Leedom & Worrall Company*, 341 Pa. 325, 19 A. 2d 400. *Good v. Pennsylvania Department of Property and Supplies et al.*, 346 Pa. 151, 30 A. 2d 434.

In the absence of either direct or circumstantial evidence of an accident it is not necessary for us to consider and discuss the conflicting medical testimony as it would be of no probative value. *Fetrow v. Oliver Farm Equipment Sales Company*, 132 Pa. Superior Ct. 39, 1 A. 2d 249; *O'Neill v. Lehigh Valley C. & N. Company*, 108 Pa. Superior Ct. 425, 165 A. 60.

We are of the opinion that the claimant has not sustained her burden of proof that her husband suffered an accident in the course of his employment and, therefore, there can be no recovery, for the Compensation Act is what it purports to be—an Act to compensate for accidental injuries and not one to insure the life and health of the employee. *Monahan v. Seeds & Durham*, 336 Pa. 67, 6 A. 2d 889. There was sufficient legally competent evidence to sustain the findings of fact of the board; they were consistent with each other and compel an affirmance of the judgment for defendant.

Judgment is affirmed.