## Turek *v.* Damalak et al., Appellants.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James J. Burns, Jr.,* for appellants.

*S. G. Wagner,* with him *Harry J. Benjamin,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

The lower court entered judgment on an award of compensation made by the referee and affirmed by the board.

The facts as found by the referee appear in his fourth finding as follows: "That on August 28th, 1944 the claimant, who was employed by the defendant part time as a tailor, was using a heavy sewing machine when the belt slipped off and it was necessary to pull the ma-

chine from the wall in order to place the belt back on the treadle; the claimant gave the machine a jerk to pull it out from the wall and, when he did so, sustained sharp pain in his back." Claimant's testimony, the source of the above finding, is that the sewing machine which he used was pedal operated and was about the same size as "a home sewing machine—only heavier." He described the alleged accident thus: "A belt fell off from the machine and I went to put him on, see, I can't reach it and I drag up that machine, it's too close to that wall, and I drag up that machine and I feel that pain . . . I hold that machine like that and move that machine, it was heavy, I jerk it and when I jerk it I feel right here pain in my back." The pain was in the right sacroiliac region and was disabling.

An X-ray examination revealed, in the opinion of a medical expert, "a very marked arthritic condition of his back" of long standing. There was competent medical testimony that the disability suffered by claimant resulted entirely from an aggravation or lighting up of the existing arthritis. The evidence is sufficient to support the fifth finding of the referee that: "As a result of the said accident your Referee finds as a fact that the claimant sustained a sprain of the low back muscles and an aggravation of a pre-existing arthritic condition." From these findings, affirmed by the board, it is at once apparent that the compensation authorities assumed an accidental injury but no facts were found from which an accident could be inferred. Replacing the belt on a pedal operated sewing machine and moving it from the wall to make it accessible, were acts within the normal and usual duties of an operator of a sewing machine and there is nothing in the evidence indicating either over-exertion or other fortuitous happening as the cause of claimant's disability. The act of claimant in moving the machine was not an accident; it was merely an incident of the day's work.

This case discloses no more than proof of the aggravation of a pre-existing condition; that in itself is not enough, and does not give rise to the inference that its cause was accidental. There must be clear proof of an accident. *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377; *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. 2d 759. We have collected and discussed some of the authorities in *Garver v. B. K. Elliott Co. et al.*, 155 Pa. Superior Ct. 511, 38 A. 2d 533 (a case which has much in common with the present appeal on the facts), to which may be added, *Wilcox v. Buckeye Coal Co. et al.*, 158 Pa. Superior Ct. 264, 44 A. 2d 603.

Since claimant suffered an aggravation of an existing abnormal condition while performing his usual work, without the happening of any untoward occurrence, this claim for compensation falls within the first type of cases, as classified in *Royko v. Logan Coal Co.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434; as such, claimant's disability is not compensable.

The judgment is reversed and is here entered for the defendant employer.