## Keener *v.* City of Uniontown, Appellant.

Argued November 10, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Joseph W. Ray, Jr.,* with him *Herman M. Buck* and *Ray, Coldren & Buck,* for appellant.

*Frank R. Crow, Jr.,* with him *Henderson, Parshall & Crow,* for appellee.

OPINION BY FINE, J., March 8, 1948:

In this workmen's compensation case the City of Uniontown, employer, appeals from an order of the court below remitting the record to the board for further hearing. The referee awarded compensation, the board reversed and dismissed the claim on the ground that the claimant's disability was not the result of an accident. The court below, on appeal by the claimant, concluded that there was sufficient evidence that an accident within the meaning of the Act had occurred as a result of unusual exertion, that the board's second conclusion of law to the contrary effect was error, but remitted the record to the board because that body had vacated the referee's findings of fact that the claimant was totally disabled. The employer now appeals from the order remitting the record to the board.

The record facts, not in dispute, reveal that the claimant, Robert Ray Keener, 56 years of age, had been employed as a fireman by the City of Uniontown since 1936, and on Sunday, April 8, 1945, was employed as a driver of a 600 gallon pumper fire truck. On the above date an alarm came to the firehouse of a fire on a hillside at the end of Pershing Street in the City of Uniontown, whereupon claimant proceeded alone in the pumper truck to the scene where he discovered a grass fire travelling up a hillside in the direction of a house located at the top of the hill. He immediately took from the truck a portable 60 pound fire pump holding 5 gallons of water. This pump was shaped to fit the back and equipped with shoulder straps, with a hose and a hand pump attached. With this portable pump strapped to his back claimant started to climb the hill a distance variously testified to

be between 150 feet to 250 yards. Upon ascending the first hill claimant then discovered that he had to go down into a ravine 15 to 20 feet deep and up on the other side of the hill to get to the fire. When he had ascended the second hill with this pump still strapped to his back he was wet with perspiration, sick at his stomach, experienced pain in his chest, was out of breath and quite exhausted. He fought the fire alone for approximately 25 to 30 minutes when a volunteer fireman appeared on the scene and took over the claimant's work with aid of some children. Claimant did not complain to the volunteer fireman of feeling ill but turned over the pump to him and returned to the fire truck. After the fire was extinguished, the claimant with great effort drove the truck back to the fire house and upon arrival collapsed. A doctor (Dr. S. A. Baltz) was summoned and after examination directed claimant be removed to the hospital where he subsequently remained for six weeks. Claimant has been unable to work since the date of the fire.

After hearing, the referee found the following facts: "Fifth: That claimant never attended a fire alone, and was never obliged to carry one of the fire fighting pumps on his back in the ten years he was employed as a paid fireman.

"Sixth: That Dr. S. A. Baltz was summoned to the fire house on the night of April 8, 1945, where he found the claimant unconscious. Upon examination, no heart beat was present with the use of a stethoscope, and claimant was taken at once to the Uniontown Hospital where he remained in a semi-comatose condition. That an electrocardiograph was made and diagnosis given as coronary occlusion. That it was the opinion of Dr. Baltz that the unusual type of activity claimant was called upon to perform, was an overstrain on his heart especially at the time he was carrying this load up the hill. Further, that claimant is totally disabled because of the effects of this accident.

"Eighth: Summarizing the testimony in this case, we find that the claimant at present is totally disabled by reason of a coronary occlusion as well as a myocardial infarction, the result of overstrain on his heart at the time he was carrying this load up a hill on April 8, 1945. Further, that the particular work claimant was obliged to do when alone at this fire and at the time he was stricken, was of a nature that was more strenuous than he had been ordinarily subjected to, and that his condition as a result of the undue strain is such as to render him totally disabled".

The referee thereupon concluded that the claimant had sustained an accidental injury and awarded compensation. The board affirmed the referee's fifth and sixth findings of fact with slight modifications, not here important, but set aside the referee's eighth finding of fact and conclusions of law, and in dismissing the claim, said: ". . . the award would be sustainable if we were at liberty under the law to look upon the occurrence in the case as an accident . . . [but] . . . the present case is in our opinion ruled by Good vs. Penna. Dept. of Property and Supplies (346 Pa. 151). Therein the Supreme Court reiterated the rule in Crispin vs. Leedom & Worrall, (341 Pa. 325). . . . With such a construction of the law to follow our conclusions as to the accepted facts in the present case, constrain us to hold that the claimant, though he unquestionably exerted himself, did not go so far beyond the scope of the efforts which could ordinarily be expected of him by reason of the very nature of his job. . . ."

We agree with the court below that the case of *Good v. Pa. Department of Property & Supplies*, supra, relied on as controlling by the board, is distinguishable from the present case. In the *Good* case, the Supreme Court emphasized the fact that claimant had offered no evidence whatsoever that her husband, the deceased employee, had ever lifted a heavy weight or carried a weight on his shoulder. This deficiency in the *Good* case is not

noted here, for such evidence was produced resulting in finding of fact No. 5. This finding would therefore seem to overcome the weakness of the claimant's evidence to which the Supreme Court alluded in the *Good* case. Furthermore, it appears that the findings of fact approved by the board, are inconsistent in light of the board's ultimate conclusion that no accident occurred. The board specifically affirmed the referee's findings that the claimant never attended a fire alone and was never obliged to carry a fire fighting pump on his back in the ten years he was employed as a paid fireman. Such a finding seems clearly inconsistent with the board's conclusion that "The carrying of the hand pump . . . did not entail such unusual exertion as to constitute an accident within the meaning of the Act."

There is also no merit to appellant's further complaint that the court below erred in overruling the board's second conclusion of law, to wit, that the claimant did not sustain injuries in the course of his employment. Appellant argues that this was, in effect, a finding of fact, which the court below had no power to disturb, if, as appellant contends, such factual determination is supported by legally sufficient evidence. Whether claimant, on the state of the facts found, sustained injuries in the course of employment as contemplated by the Act, is a question of law. *Cf. McDermott v. Sun Indemnity Co. of N. Y.*, 131 Pa. Superior Ct. 60, 198 A. 499; *Paulin v. Williams & Co.*, 122 Pa. Superior Ct. 462, 186 A. 415, aff'd, 327 Pa. 579, 195 A. 40; *Barr v. Atlantic Elevator Co.*, 124 Pa. Superior Ct. 57, 187 A. 815.

The order of the court below is modified; the record is remitted to that court with directions to return it to the Workmen's Compensation Board for more specific findings, after hearing, and to make an order consistent with its findings of fact and conclusions of law.