## Manikowski *v.* Morris Run Coal Mining Company, Appellant.

Argued April 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Hopkins T. Rowlands,* with him *John H. Hibbard,* for appellant.

*George Jerko,* for appellee.

OPINION BY ROSS, J., July 23, 1948:

In this workmen's compensation case, the referee made an award for total disability, the board affirmed the referee, the lower court affirmed the board and the employer took this appeal.

The claimant, Enoch Manikowski, on May 29, 1945, while in the course of his employment in defendant's mine, suffered a coronary thrombosis while pushing a loaded coal car and, as a result, is totally disabled. The employer does not dispute the injury and its resulting disability but contends that the injury did not result from an accident within the meaning of Section 301 of the Workmen's Compensation Act.

The claimant has the burden of proving by competent and substantial evidence, either direct or circumstantial, that his disabling injury resulted from "something undesigned, unexpected or fortuitous, outside of the ordinary course of events". *Royko v. Logan Coal Co.,* 146 Pa. Superior Ct. 449, 22 A. 2d 434. An injury gives rise to no inference that it results from an accident. In *Adamchick v. Wyoming Valley Collieries Co.,* 332 Pa. 401, 3 A. 2d 377, the Supreme Court stated at page 410: ". . . to secure compensation there must

be proof both of an accident and of an injury; an accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it."

In this case, the board made, inter alia, the following findings of fact: "5. We find as a fact that on May 29, 1945 the claimant pushed a car with the aid of two men, Edward Olson and Frank Childs. The particular car was unusually difficult to move. . . . 7. We find as a fact that while the claimant was pushing said car on May 29, 1945 with all his strength that he felt a pain in his lower left chest and his both arms became numb and his wind got short. We find as a fact that as a result of using all his strength in pushing a loaded car with the aid of two men that the claimant over-exerted himself as a result of which he suffered a coronary thrombosis. We find as a fact that this set of circumstances constitutes an accident." If the findings of fact are supported by substantial and competent testimony and the "most favorable inferences" therefrom (*Harris v. Meyers*, 160 Pa. Superior Ct. 607, 52 A. 2d 375) claimant's injury is compensable.

It is well settled that an injury resulting from over-exertion or unusual exertion in the course of employment is compensable. *Skroki v. Crucible Steel Co.*, 292 Pa. 550, 141 A. 480. Cf. collection of cases in *Royko v. Logan Coal Co.*, 146 Pa. Superior Ct. 449, at page 461, 22 A. 2d 434, supra, and *Foster v. State College Boro*, 124 Pa. Superior Ct. 492, at page 497, 189 A. 786.

As the compensation authorities have found in his favor, we must review the evidence in the light most favorable to the claimant (*Hockenberry v. State Workmen's Insurance Fund*, 133 Pa. Superior Ct. 249, 2 A. 2d 536) and he is to be given the benefit of inferences reasonably deducible therefrom. *Paulin v. Williams & Co., Inc.*, 122 Pa. Superior Ct. 462, 186 A. 415; *Schubert*

*v. Oswald & Hess Co.*, 161 Pa. Superior Ct. 309, 54 A. 2d 113.

When the claimant suffered his injury, he and two fellow employees, Olson and Childs, were attempting to move a loaded coal car weighing nearly 6000 pounds from a working face or room, over a knoll about 18 feet from the room, toward the main heading of the mine. The claimant and Olson attempted to "push that car, but we couldn't move that car" and then sought and secured the help of the motor runner, Childs. The three men moved the car over the knoll although it "stalled on us four times before we got it out . . . we couldn't push it. . . . I was pushing with all my strength . . . this car just simply stalled on us and we push for all we was worth, the three of us, to get it out". The claimant also testified that while pushing on the car after it stalled "I got the pain from pushing it . . . around the heart . . . my arms went numb on me . . . and my wind got short on me"; and although he continued to push on the car until it was moved over the knoll, immediately afterwards "I pulled out my handkerchief and when I sat down one of my legs just shook and the sweat came out on me and I sat there for about forty-five minutes" and that he has not been able to work since.

The causal connection between claimant's exertion and his coronary thrombosis is clearly shown by the uncontradicted testimony of claimant's family physician and of a heart specialist.

The appellant-employer contends that the claimant is not entitled to compensation under the authority of *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. 2d 400, but, in our opinion, that case does not govern the one before us.

In the *Crispin* case, the claimant and another employee were engaged in pushing a loaded truck from an electric elevator. The elevator, operated by automatic control, stopped an inch to an inch and a half

below the floor level of the store room where the contents of the truck were to be unloaded. The two men were unsuccessful in their first attempt to push the truck from the elevator, but by a second, stronger effort they were able to do so. Neither the disparity between the floor levels nor the effort required to overcome it were unusual circumstances. In denying compensation on the ground that no accident had been shown, the Supreme Court, at page 329, summarized the *Crispin* facts as follows: "Here, a man with a *chronic heart condition*, engaged in his customary occupation, under *conditions which were not unusual but ordinary*, performing an act in which he had engaged on numerous other occasions, further damaged his already damaged heart, not as the result of an accident but in the normal performance of his employment." (Italics supplied.) That is not our case.

Here, the car on which claimant was pushing when he incurred his injury was the third loaded coal car he had helped to move over the knoll during that day. The other two cars were moved by the claimant and one other man. Although sometimes it was necessary to have a third man help in moving a car, the claimant testified that he "saw something wrong with that car . . . it seems that was the worst car we have had in there" and that never before had the claimant known a car that had "stuck" on him *four* times before it was moved over the knoll. The board's finding that the car "was unusually difficult to move" is supported by sufficient competent evidence and it would follow that "unusual exertion" would be required to move such car.

Furthermore, in this case, the claimant in establishing unusual exertion is aided by an inference that was not present in the *Crispin* case. Here, the claimant according to the uncontradicted testimony—and so found by the board—was in sound health prior to his injury on May 29, 1945. Consequently, the claimant is entitled to the inference that his heart was injured by

over-exertion—or unusual exertion—or exertion more severe than usual. " 'Where . . . a sound heart is affected by a severe exertion, and has not before been so affected, the inference is fair that the exertion which affected the heart, while it was of the same sort, must have differed in degree from that which was usual. It must have, as a fact, been more severe than usual and should be classified with those fortuitous physical violences of the bodily structure, which are properly described as accidents. The work may be of the same "sort" or character as that called usual, but must have been harder than ordinary, or the sound heart which had theretofore stood it would not have yielded to it. . . . If the heart is sound and has stood customary hard work for years, and if on a particular day it weakens, the inference is that the exertion was unusual, not that the heart was weak. Therefore, the inference is not that death was caused by a weak heart, but was caused by unsual exertion.' " *Barr v. Atlantic Elevator Co.*, 124 Pa. Superior Ct. 57, 60, 187 A. 815; *York v. State Workmen's Insurance Fund*, 131 Pa. Superior Ct. 496, 501, 200 A. 230.

From an examination of the record in this case it is our opinion that the board's findings of fact are supported by substantial and competent evidence and that the claimant's injury is the result of an accident within the meaning of the Act and, therefore, compensable.

Judgment affirmed.