## Doyne, Appellant, *v.* Lummis & Company.

Argued October 2, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John B. Gest,* with him *Frank J. Eustace, Jr.,* and *Donahue, Irwin & Gest,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY HIRT, J., November 20, 1951:

This widow-claimant sought a compensation award for the death of her husband on the ground alleged that he died from a heart attack induced by overexertion in the course of his employment. The lower court, on settled law, affirmed the order of disallowance as entered by the Board and dismissed claimant's appeal. In this appeal we are asked to ignore findings of facts made against a claimant based upon sufficient competent evidence and to reverse an order of disallowance which can be affirmed without a capricious disregard of any of the testimony. This we may not do even in a close case. The order, in effect a judgment in favor of the defendant, must be affirmed.

Claimant's decedent was a crane operator of long experience. On February 12, 1948 he was moving a 30-ton crane on its own power, to a new location. The relocation of the crane involved five successive changes in direction of the course of travel. Decedent controlled the crane in making the turns by means of a wheel mounted vertically to the right of his seat in the cab. By an appropriate turn of the wheel the caterpillar tread on either side of the crane could be locked thus changing the course of the travel, as desired, by the free movement of the tread on the other side of the crane. It was contended that the wheel ordinarily could be easily rotated by the operator but on the day here involved its movement was so stiff that it could be turned only by an unusual expenditure of effort. Decedent completed the relocation of the crane within one hour. He then showed signs of physical disability although he continued to do his usual work throughout the day. That evening he suffered a severe heart attack and on order of his doctor was taken to a hospital, where he died twelve days later from an acute coronary occlusion.

All of the testimony is to the effect that decedent suffered from an advanced degenerative heart disease from arteriosclerosis of long standing. To constitute an accident from an aggravation of existing disability the burden was on claimant to show that the work in which decedent was engaged was of a different nature and required a materially greater amount of exertion than was ordinarily required. *Rathmell v. Wesleyville Borough*, 351 Pa. 14, 40 A. 2d 28. An accident may not be inferred from every unusual occurrence or deviation from the usual manner of performing work. *Good v. Pa. Dept. of Prop. & Sup. et al.*, 346 Pa. 151, 30 A. 2d 434. The Board in this case stated, in legal effect as a finding of fact: "It is true that the strain contributed to his death but the strain was, in our opin-

ion, the result of a normal amount of exertion required by the decedent's normal everyday duties." And the Board affirmed the Referee's finding that the "Medical testimony failed to prove the death of the claimant's decedent was due to any unusual exertion while in the course of his employment with the defendant but on the contrary was due to a natural progress of a long standing arterial disease."

The findings are supported by sufficient competent evidence, especially in the medical testimony on behalf of the employer which was accepted by the Referee and the Board. We therefore are bound by the findings and the conclusion based upon the findings that claimant has failed to prove that the death of her husband resulted from accident. Accordingly this appeal is ruled by *Crispin v. Leedom & Worrall Co.,* 341 Pa. 325, 19 A. 2d 400 on the principle that "death merely hastened by the work in which the employee has been regularly engaged cannot be treated as accidental". That ruling is in accord with all of the cases. Cf. *Amentlar v. New Up. Leh. Coal Co.,* 131 Pa. Superior Ct. 97, 198 A. 678; *Turek v. Damalak et al.,* 161 Pa. Superior Ct. 84, 53 A. 2d 748.

Order affirmed.