Rosso, Appellant, *v.* Aetna Steel Products Corp.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Donald D. Bolbin,* with him *Charles A. Kerlabage,* for appellant.

*E. Mac Troutman,* with him *Penrose Hertzler,* for appellee.

OPINION BY HIRT, J., December 29, 1953:

Claimant in the course of his employment with defendant sustained an inguinal hernia. For the resulting disability he sought compensation in this case. There is no dispute as to the circumstances attending the injury. Claimant was a lockmaker. On completing the assembly of each lock he placed it in a nearby box. When the box was filled with locks it was his duty to pick it up and deposit it elsewhere in defendant's plant. He had been doing the same kind of work since February 1950 and had been handling boxes of locks in this manner since that date. On March 2, 1951, in lifting one of the filled boxes weighing between 50 and 75 pounds he suddenly felt "a cramp" in the right groin. The doctor to whom he was referred found

that claimant had suffered a right inguinal hernia. The doctor noted that he also had a left inguinal hernia of long standing and recommended that both be repaired. Claimant was referred to his family physician and the hernia was later reduced by an operation.

The Referee found that claimant had "failed to prove the happening of an accident within the meaning of the Compensation Act." and disallowed the claim. At the hearing before the Referee, Dr. W. R. Dorasavage testified that he performed the operation on April 4, 1951, but that claimant was not discharged from the hospital until three weeks later. He has been returning for treatment periodically since that date. As to claimant's physical condition, this witness testified that he found a "peculiar weak condition of his abdominal wall" and stated : "Because of his abdominal musculature which I found very weak I advised him against doing any hard work hereafter because he may get a recurrence . . . I find that two or three percent of hernias recur in cases of weak musculature like his." Because of this condition the witness advised against claimant returning to his former employment or the doing of anything involving strenuous physical work. On this testimony the Board, in its opinion affirming the disallowance, in effect found that: "Claimant's weak abdominal wall pre-existed and predisposed him to a hernia" and stated: "In the absence of evidence that some outside element or force sparked it into being, we are constrained to hold that the claimant is not entitled to compensation."

The law applicable to hernia cases under the Workmen's Compensation Law must now be regarded as fairly well settled. There has been no departure from the holding of *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247 that "Disability, overtaking an employee at his work, is not compensable unless the result of

accident. And the burden is on claimant to prove it was such and not from natural causes." *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377. But physical weakness to a degree common to all men does not in itself bar compensation for hernia. Such weakness is not an ailment but a normal condition and if the circumstances, embodied in findings supported by strict proof in a hernia case, establish that the rupture followed sudden effort or strain although amounting to less than overexertion, an accident may be inferred from the unusual result. Under such circumstances the injury may be compensable as an acute traumatic hernia. *Davis v. Jones & Laughlin Steel Corp.*, 157 Pa. Superior Ct. 133, 42 A. 2d 83. ". . . disability of a normal, healthy workman, with no physical weakness, other than is common to all men, may be compensable though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work": *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388. The principle has support in a number of our cases, among them: *Banks v. Brazee et al.*, 165 Pa. Superior Ct. 268, 67 A. 2d 631 which involved the rupture of the ileum, and *Owatt v. Rodman's Beverage*, 169 Pa. Superior Ct. 339, 82 A. 2d 255 in which the claimant suffered the rupture of an intervertebral disc.

On the other hand it has long been the law that disability resulting from an existing disease or abnormal condition, suffered by an employe while performing his usual work without any accident in the ordinary lay understanding of that term, is not compensable, *Rathmell v. Wesleyville Borough*, 351 Pa. 14, 40 A. 2d 28. Disability either aggravated by, or resulting from, an existing ailment or physical weakness is not compensable when induced by the ordinary work, however hard, of an employe. *Paydo v. Union Collieries*

Co., 146 Pa. Superior Ct. 385, 22 A. 2d 759; *Reibman v. Colonial Mfg. Co.*, 147 Pa. Superior Ct. 249, 24 A. 2d 166; *Evancik v. Coal Min. Co. of Graceton*, 150 Pa. Superior Ct. 27, 27 A. 2d 767; *Turek v. Damalak et al.*, 161 Pa. Superior Ct. 84, 53 A. 2d 748; *Rupchak v. Westinghouse Elec. Co.*, 161 Pa. Superior Ct. 228, 54 A. 2d 309; *Doyne v. Lummis & Company*, 170 Pa. Superior Ct. 93, 84 A. 2d 354.

Whether on the facts as found by the Board, a claimant is entitled to compensation, is a question of law and as such is open to review. *Lynn v. Pottsville Box Corp.*, 163 Pa. Superior Ct. 446, 62 A. 2d 105. But a court on appeal may not substitute its findings for those of the Board. *Devlin Unemploy. Compensation Case*, 165 Pa. Superior Ct. 153, 67 A. 2d 639. The testimony in this case amply supports the findings and we are bound by them. Claimant's musculature of the abdominal wall was abnormally weak and it was this existing weakness that induced the hernia. He was not a normal healthy man in this respect. An accident therefore could not be inferred from the occurrence, in the total absence of evidence of some external, fortuitous or unexpected event.

Order affirmed.