## Ricketts, Appellant, *v.* The Bell Telephone Company.

Argued April 18, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Louis Vaira,* for appellant.

*Richard B. Tucker, Jr.,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY HIRT, J., July 21, 1955:

The Board, in affirming the Referee, found that claimant, a switchboard operator, had suffered a compensable injury from accident in the course of her employment with the defendant. In the appeal from the award in the lower court the question whether claimant, on the facts as found by the Board had sustained an accidental injury within the contemplation of the Workmen's Compensation Act, was wholly of law. *Keener v. City of Uniontown,* 162 Pa. Superior Ct. 410, 57 A. 2d 587. From the record in this case, viewed in the light most favorable to the claimant, we

are convinced that there can be no recovery. The lower court in an opinion by Judge LENCHER, with which we are in entire accord, properly set aside the award of compensation and entered judgment in favor of the defendant.

Claimant in her work at the switchboard was obliged to sit on a chair about 3½ feet high. The chair was moveable and was not in any way attached to the floor. She testified that the chair was light in weight with a wicker seat and back. She left the switchboard for her lunch hour about 9 p.m. on August 25, 1951. On her return the chair was somewhat "out from the board" where she had left it. By leaning forward with her arms on the switchboard and with her right foot on a shelf below, she shifted her weight from the chair and put her "left foot on the rung of the chair to pull it up" into position at the board. She testified that on this occasion "the chair stuck, and when I went to pull the chair, all the strain was on my left foot." There was nothing on the floor to interfere with the free movement of the chair but claimant said: "It must have stuck because it was hard to pull the chair up." Claimant immediately felt a drawing sensation in her back followed by severe pain in her spine and left leg. She spent an uncomfortable night at home and on the following morning was taken to the Pittsburgh Hospital. Dr. E. J. Truschel who examined her there, found her suffering severe pain particularly in the left sacro-iliac region. On the next day claimant ran a temperature of 105 degrees and she had severe chills. All of the doctors who saw her there agreed that her condition indicated the presence of an infection but there was no agreement as to a final diagnosis, nor as to the cause of her disability. On September 15, 1951, claimant was removed to the Women's Presbyterian Hospital under the care of Dr.

M. S. DeRoy. From an x-ray examination he concluded that she had an erosion or narrowing of the cartilage in the left sacro-iliac joint which in his opinion was causing the pain. He performed an operation in which the joint was opened, the tissue removed and the joint fused or made solid. He testified that the condition he found in the joint was the result of a destructive arthritic process. In the voluminous medical testimony, there is agreement that the arthritic condition antedated August 25, 1951. The medical witnesses were divided as to whether the incident of the chair had any connection with the injury. Two of them thought it had no connection and the other two, including an impartial medical expert appointed by the Board, testified that it merely precipitated the symptoms of arthritis or the "chain of events of activity and pain in the area" and nothing more.

The Board found "The claimant suffered a sudden strain to her left sacro-iliac joint when reaching for a chair which had gotten stuck. She was then in an awkward position. The strain aggravated or flared up a pre-existing arthritic process." And because she had not had prior difficulty with her left hip the Board affirmed the award. In so doing the Board concluded that claimant had sustained a compensable injury from the accident on the principle that disability of a normal healthy workman may be compensable though the result of muscular strain or lesion in the performance of the ordinary duties incident to the employment where there occurs an unexpected and unusual pathological result. *Davis v. Jones & Laughlin Steel Corp.*, 157 Pa. Superior Ct. 133, 42 A. 2d 83; *Banks v. Brazee et al.*, 165 Pa. Superior Ct. 268, 67 A. 2d 631 and *Owatt v. Rodman's Beverage,* 169 Pa. Superior Ct. 339, 82 A. 2d 255.

There can be no quarrel with the above legal principle, relied upon by the Board, but it has no application here. There can be no doubt that claimant was not a normal healthy person at the time of the chair incident. In addition to her physical ailments as developed by the medical testimony in this case, claimant admitted that because of abdominal pains resulting from the physical effort involved, she had quit her prior employment in July, 1950, with a glass company in New Jersey. Moreover it cannot be doubted that adjusting her chair by hitching it closer to the switchboard was incident to her work. She testified that she did it every day.

An accident is not to be inferred from disability overtaking an employe in the performance of his usual duties. *Shatto v. Bardinet Exports, Inc.,* 170 Pa. Superior Ct. 16, 84 A. 2d 388. So also, disability merely hastened by the work in which the employe has been regularly engaged cannot be treated as accidental. *Crispin v. Leedom & Worrall Co.,* 341 Pa. 325, 19 A. 2d 400. Proof of the aggravation of a preexisting condition does not give rise to the inference that its cause was accidental. Accordingly disability resulting from the aggravation of an existing abnormal condition, suffered by an employe in the performance of his usual duties is not compensable in the absence of proof that the disability resulted from an accident in the ordinary lay understanding of the term. *Turek v. Damalak et al.,* 161 Pa. Superior Ct. 84, 53 A. 2d 748. Overexertion aggravating an existing disease may constitute an accident and may support a claim for compensation if clearly proven. *Garver v. B. K. Elliott Co. et al.,* 155 Pa. Superior Ct. 511, 38 A. 2d 533. But to constitute an accident resulting in an aggravation of existing disability, the burden is on the claimant to show that the work in which he was engaged was of

a different nature or called for materially greater effort than was ordinarily required. *Doyne v. Lummis & Company,* 170 Pa. Superior Ct. 93, 84 A. 2d 354. To the same effect are *McFeeley v. Brownsville Sch. Dist.,* 159 Pa. Superior Ct. 432, 47 A. 2d 925 and *Rosso v. Aetna Steel Products Corp.,* 174 Pa. Superior Ct. 258, 101 A. 2d 392.

On the above principles, which must be regarded as settled law, the claimant clearly is not entitled to compensation under all of the competent testimony as reflected in the findings of the Board. Her preexisting disability disqualifies her. *Patterson v. Phila. Dairy Prod. Co.,* 177 Pa. Superior Ct. 195, 110 A. 2d 797 on which appellant places some reliance is readily distinguishable. In that case although claimant had not enjoyed previous good health, there was clear proof of an accidental fall.

Judgment affirmed.