Rettew, Appellant, *v.* Graybill.

Argued September 15, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Harris I. Weisbrod,* with him *Marshall M. Cohen,* and *Gitman & Weisbrod,* for appellant.

*Ralph M. Barley,* with him *John C. Pittenger,* and *Barley, Snyder, Cooper & Mueller,* for appellees.

OPINION BY WRIGHT, J., November 16, 1960:

This is a workmen's compensation case in which Florence Rettew, on behalf of herself and three minor children, filed a claim petition alleging that the death of her husband, Aldus S. Rettew, was due to the occurrence of an accident in the course of his employment. The Referee made an award, which the Work-

men's Compensation Board vacated and set aside. The Court of Common Pleas of Lancaster County affirmed the Board's disallowance. This appeal followed.

The record discloses that appellant's husband, forty-eight years of age, was a truck driver employed by Samuel S. Graybill who had a contract to haul earth in connection with the construction of the new Pequea Valley High School. On July 22, 1955, Rettew was engaged in his usual occupation. The temperature that day was nearly one hundred degrees, and Rettew was drinking ice water frequently. About 4:00 o'clock in the afternoon he alighted from his truck, walked approximately 200 feet for a drink of ice water, and then collapsed. Dr. Robert R. Bauer was called immediately. He found Rettew lying on his back, beating his chest with his fists, conscious and with no external evidence of bleeding. Dr. Bauer was unable to assign any cause for Rettew's condition. He directed that Rettew be removed to the hospital, where death occurred at 9:00 o'clock the same evening. An autopsy was performed which established the cause of death as a "dissecting aneurysm of the thoracic aorta with intrapericardial perforation and hemopericardium".

At the hearing before the Referee, Dr. Henry N. Williams, the family physician, testified on the basis of his examination of the hospital records and the autopsy report. After stating that the cause of death was a dissecting aneurysm of the aorta, he testified that decedent had a pre-existing heart condition which he described as "a mild brown atrophy". This condition occurs in cases of heart strain over a considerable period of time and is accompanied by enlargement and thickening of the heart, high blood pressure and atherosclerosis. Nevertheless, Dr. Williams testified that "the degree and severity of this tear would certainly indicate a sudden accidental cause for death".

He assigned as his reasons "the excessive heat of the day, the continued effort of work, and the taking in of ice water in fairly large quantities, based upon the pre-existing condition of the heart and blood vessels".

On this appeal appellant's statement of the questions involved is as follows: "1. Did not the Pennsylvania Workmen's Compensation Board err in finding that claimant failed to establish that decedent's death on July 22, 1955 was the result of an injury by accident in the course of his employment with the defendant? 2. Did not the Pennsylvania Workmen's Compensation Board err in concluding that the death of the decedent was not the result of a compensable accident? 3. Did not the instant case fall within that class of cases where the heat stroke or heat prostration is in fact the accident?"

Disability overtaking an employe at work is not compensable unless it is the result of an accident: *Hamilton v. Albert M. Greenfield, Inc.*, 184 Pa. Superior Ct. 443, 135 A. 2d 797. An accident may not be inferred merely because an injury has been suffered, *Washko v. Ruckno, Inc.*, 180 Pa. Superior Ct. 606, 121 A. 2d 456, nor may an accident be inferred from the fact that disability overtakes an employe in the performance of his usual duties: *Ricketts v. The Bell Telephone Co.*, 178 Pa. Superior Ct. 588, 115 A. 2d 818. It is of course true that disability of a normal healthy workman, with no physical weakness other than is common to all men, may be compensable if it is due to an unexpected and unusual pathological result: *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388. However, the burden is on the claimant to prove that the disability was the result of an accident and not of natural causes: *Rosso v. Aetna Steel Products Corp.*, 174 Pa. Superior Ct. 258, 101 A. 2d 392. And see *Hurlburt v. Fidelity Window Cleaning Co.*,

192 Pa. Superior Ct. 152, 160 A. 2d 251. While the Workmen's Compensation Act should be liberally construed, its purpose is to compensate for accidental injuries and not to insure the life and health of an employe: *Cope v. Philadelphia Toilet Laundry & Supply Co.,* 167 Pa. Superior Ct. 205, 74 A. 2d 775. Where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Williams v. New Bethlehem Burial Service,* 167 Pa. Superior Ct. 364, 74 A. 2d 677. Cf. *Wehr v. Philadelphia Derrick & Salvage Corp.,* 192 Pa. Superior Ct. 161, 159 A. 2d 924.

Appellant concedes that her husband "was not a normal healthy man without physical weakness", but argues that the instant case does not "fall under the category that an accident may be inferred from the unusual pathological result". Her contention is that the case at bar "falls within the group wherein a heat stroke or heat prostration is in fact the accident . . . and it is not necessary to establish that the injured person was a previously healthy individual". A sufficient answer to this contention is that appellant adduced no competent testimony to support the conclusion that Rettew's death was due to heat stroke or heat exhaustion. In fact, Dr. Williams definitely stated that he could not express such an opinion. We have made a careful examination of this original record and fail to find any disregard of competent evidence.

By way of further answer to appellant's contention, cases of sunstroke or heat exhaustion are expressly included in the second group mentioned by Mr. Justice (later Chief Justice) STERN in *Parks v. Miller Printing Machine Co.,* 336 Pa. 455, 9 A. 2d 742, as among

those involving unexpected and unusual pathological results.[1] Contrary to appellant's contention, a pre-existing condition which contributes to the injury bars recovery in such cases. As stated by Judge HIRT in *Rovere v. Interstate Cemetery Co.*, supra, 164 Pa. Superior Ct. 233, 63 A. 2d 388: "The other cases, cited to the principle in the Parks case, involve the finding essential to an award in heat exhaustion cases, that the claimant was in good health when stricken". Appellant cites *Trovato v. W. J. McCahan Sugar Refining Co.*, 122 Pa. Superior Ct. 499, 186 A. 163; *Heinold v. Pittsburgh Brass Mfg. Co.*, 149 Pa. Superior Ct. 409, 27 A. 2d 267, and *Toland v. Murphy Bros.*, 172 Pa. Superior Ct. 484, 94 A. 2d 156, but in each of these cases the employe was a man in previous good health. See also *Russell v. Scott Paper Co.*, 140 Pa. Superior Ct. 84, 13 A. 2d 81.

The situation in the case at bar may be summarized in the words of Judge Ross in *Wilcox v. Buckeye Coal Co.*, 158 Pa. Superior Ct. 264, 44 A. 2d 603, as follows: "In the instant case . . . the autopsy disclosed evidence of long standing heart disease. What happened to the deceased then was precisely what could have been expected: death caused by a strain upon an already weakened heart and that strain was the result of a normal amount of exertion necessary for the performance of his duties in the ordinary course of the work in which he was employed. There was no accident. Disability or death merely hastened by the work in

---

[1] "The second group consists of cases where the work or act performed by the employe is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result; that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause . . . In the field here under consideration are the sunstroke and heat prostration cases".

which an employee has been regularly engaged cannot be treated as accidental".

Order affirmed.