Submitted October 7, 1949.
This is a workmen's compensation case in which the claimant on April 3, 1947, suffered accidental injury to his right hand when it became caught in a meat grinder. A compensation agreement with the employer, describing the accident and injury as follows: "Claimant was caught in meat grinder, causing traumatic amputation *Page 329 
of right index, middle and ring fingers at base and little finger between proximal and distal phalanges," provided for compensation for the loss of claimant's four fingers for 100 weeks as provided by Section 306(c) of The Workmen's Compensation Act of 1915, P. L. 736 as amended, 77 PS 513.
Later, on June 2, 1947, additional surgical work was done on claimant's hand and in November 1947 he petitioned the board for a modification of the agreement, claiming for the permanent loss of use of his right hand. The compensation authorities found in his favor, the employer's appeal was dismissed by the court below and this appeal followed.
The only question involved is whether the finding of the compensation authorities that the claimant has permanently lost the use of his right hand is supported by substantial competent evidence and in deciding this question we must follow the principle that since the compensation authorities found in his favor, we must view the evidence in the light most favorable to the claimant and give him the benefit of all inferences reasonably deducible therefrom. Schubert v. Oswald Hess Co.,161 Pa. Super. 309, 54 A.2d 113; Manikowski v. MorrisRun Coal Mining Co., 163 Pa. Super. 118, 60 A.2d 344;Lemmon v. Penna. Dept. of Highways, 164 Pa. Super. 254,63 A.2d 684.
The hand was in evidence, having been exhibited to the referee by the claimant, who testified in part as follows: "Q. Now, I would like you to show your hand to the referee and explain to him how it affects you. What's the matter with it? Can you grip anything with that hand? A. No. Q. You can't close it at all? A. No. Q. What about the stubs, are they sensitive? A. Oh yes. Q. The nerve ends in there? A. The nerve ends out there (indicating). They are very sore. The places on all of *Page 330 
them are sore. Q. Can you stand to touch anything with them or bang them against anything? A. No."
Dr. Hardt, a witness for the employer, although stating as his opinion that the claimant suffers no disability aside from the result of the amputation of his fingers, testified in part as follows: "Q. Would you say he has the loss of the hand for all industrial purposes, that a laborer would have to use his hand for? A. Not for all. It depends entirely upon his occupation, his work. Q. He could not use it for any job on which he would have to use a tool or hammer, saw or anything like that? A. I would think not. . . . Q. General industrial purposes. Where he has to use his hands to earn his living would he have loss of use of the hand? A. For all general — Q. For general purposes? A. Yes, sir."
In determining whether the claimant has lost the use of his hand the test is whether it has become useless in any employment for which he is mentally and physically qualified.Morrow v. J.S. Murray Sons, 136 Pa. Super. 277,7 A.2d 109. According to the testimony, the claimant was employed as a meat cutter and there is no evidence that he was mentally or physically qualified to do any other type of work. The only conclusion that can be drawn from the testimony is that he would be unable to grip tools for cutting and slicing meats, etc., with the force and strength necessary to implement them efficiently, if at all.
From our examination of the record, we are convinced that the claimant has met the test as laid down in the Morrowcase (supra), and that the board's finding of fact that the claimant has permanently lost the use of his hand is supported by substantial competent evidence.
Judgment affirmed. *Page 331