Rice *v.* Stevens Coal Company, Appellant.

Argued October 28, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward Darling,* with him *Charles C. Lark* and *Bedford, Jones, McGuigan & Waller,* for appellant.

16

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1935:

In this case arising under the Workmen's Compensation Act of June 2, 1915, P. L. 736, the referee granted an award, which was affirmed by the board and the lower court.

There is presented for our consideration the question whether the claimant sustained an injury due to an accident under the provisions of our compensation law.

The claimant was employed as a coal miner by the defendant company, and on the day before Christmas, 1932, he fell from a chute, hitting his right side. He returned to the mine the next day and worked until the 14th of January, 1933, on which day he was pushing a car under a chute when he felt a severe pain in his back and became so weak that he fell down. Two days thereafter he made a report of his injury, and was off until the latter part of April. He worked intermittently after that until June, at which time he became totally disabled. The claimant consulted a physician on or about January 17, 1933, when he was having hemorrhages from the bowels. From June 13th until June 23, 1933, he was a patient in the Shamokin State Hospital, where he was treated for hemorrhoids and bleeding bowels.

The appellant argues that the plaintiff's pushing of the mine car did not constitute an accident within the meaning of the Workmen's Compensation Act, relying upon a number of cases, including Gausman v. Pearson Co., 284 Pa. 348, 131 A. 247; Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724; Diriscavage v. Penna. Coal Co., 96 Pa. Superior Ct. 189; and Pelusi v. Mandes et al., 109 Pa. Superior Ct. 439, 167 A. 456. Those cases all hold that an injury sustained in the course of employment, resulting from natural causes, is not a compensable accident. But if one, as here, sustains

a sprain or a strain, causing an injury to the physical structure of the body, even though incurred when performing labor in the usual manner and without over-exertion, it is an accident and is compensable. As Judge PARKER points out in the case of Betts v. American Stores Co. et al., 105 Pa. Superior Ct. 452, 161 A. 589, if one walking on a smooth pavement turns his ankle and sustains an injury it is an accident "In such a case, it is not the walking, which is usual and ordinary, but the turning of the ankle that is a mishap or accident." In that case, the claimant was carrying a beef and injured his spine by pinching the nerves, and we held that it was such an injury to the physical structure of the body as to amount to a compensable accident.

In Clark v. Lehigh Coal Co., 264 Pa. 529, 533, 107 A. 858, the Supreme Court clearly points out the distinction between compensable and non-compensable accidents in cases of this general character. The opinion stated: "If death comes, during the course of employment, in an ordinary way, natural to the progress of a disease with which one is afflicted, and with which he was smitten before the accident, there can be no recovery; ...... but if the demise is brought about by an injury due to some mishap, or accident, happening during the course of his employment, the fact that the deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation."

Another proposition argued by the appellant is that "there is no finding nor sufficient evidence to support a finding that claimant's disability was caused by pushing the car on January 14, 1933." By referring to the referee's report, we observe that after he had described the work claimant was doing on January 14, 1933, he expressly found that the disability claimant suffered was a consequence of an accident sustained in the course of his employment. We find no difficulty in

concluding that the evidence was sufficient to sustain this finding. The claimant, prior to the day of the accident, worked steadily, and was apparently in good health. Immediately after the mishap he became incapacitated. Three days after the accident, he consulted Dr. Baluta, who testified as follows: "Q. Would you say whether or not in your opinion the effort in pushing that buggy was a marked contributory factor in his present condition? A. Yes, I think the fall was a predisposing factor to whatever condition was in the bowel and this heavy push brought on the hemorrhages. The sympton is sudden weakness in the bowel movement, with nothing but blood." On cross-examination, he said that the claimant had only "slight hemorrhoids" and that he did not treat him for that affliction as they did not cause the severe bleeding of the bowels. Dr. Reese, called by the defendant, saw the claimant in June, 1933, and found that he was bleeding from both the hemorrhoids and the bowels.

The appellant maintains that this medical testimony is too indefinite. We do not agree with that contention. Dr. Baluta testified: "I *think* the fall was a predisposing factor." That language amounted to an assertion of a professional opinion: Jones v. P. & R. C. & I. Co., 285 Pa. 317, 132 A. 122. That is a much more definite and stronger expression than the expert used in Swiderski v. Glen Alden Coal Co., 114 Pa. Superior Ct. 21, 28, 173 A. 865, when he testified that the death "might have been" caused by a ruptured blood vessel from a strain, which we held did not come up to the established standard of proof, as that was not equivalent to giving a professional opinion.

The competent evidence being sufficient to establish that the strain caused the bleeding of the bowels, or at least aggravated the claimant's condition, the claimant

was entitled to compensation: Whittle v. Nat. Aniline & C. Co., 266 Pa. 356, 109 A. 847; Swiderski v. Glen Alden Coal Co., supra.

Judgment affirmed.