Toohey *v.* Carnegie Coal Corporation, Appellant.

Argued April 23, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*James J. Burns, Jr.,* with him *Gustav M. Berg* and *Harold V. Fergus,* for appellant.

*A. L. McLaughlin, Jr.,* for appellee.

OPINION BY KENWORTHEY, J., September 30, 1942:

The Workmen's Compensation Board made an award which was affirmed by the court below. Defendant appeals on the ground there was no evidence of an accident.

Claimant is a coal miner. On October 18, 1938, he stooped to walk through a trap door leading from one section of the mine into another. He was doing nothing unusual; the door was often used by him and other miners; they were required to stoop because the open-

ing was only thirty inches high. He described what occurred as follows: "Well, we were carrying our tools, my buddy and I, carrying our tools from one section to another, and we had to pass through this trap door, and I had the jack in one hand, and dinner bucket in the other, and when he went through, I held the door and then I reached down and got the dinner bucket and whenever I was stooping through, that's when I twisted myself." He said he immediately felt a sharp pain in his right hip and upper leg.

Although he said he was unable to do much, he continued to work until November 23, 1938. He first saw a physician on December 1, 1938.

Claimant's attending physician was called as a witness by the employer. He testified that his diagnosis was perineuritis of the sciatic nerve; that it was not caused by trauma. Claimant, on the other hand, called a physician who examined him in April, 1939, whose diagnosis was sprain of the muscles of the back and whose opinion, based on the history, was that the condition was the result of the "accident."

In affirming the award, the court relied on our cases of *Rice v. Stevens Coal Co.,* 120 Pa. Superior Ct. 15, 181 A. 516, and *Betts v. American Stores Co. et al.,* 105 Pa. Superior Ct. 452, 161 A. 589. But, the authority of these cases has been limited by *Adamchick v. Wyoming Valley Collieries Co.,* 332 Pa. 401, 3 A. (2d) 377. Under this decision, an accident cannot be inferred from an injury alone; there must be other evidence, direct or circumstantial. And this court, following this decision, has held that a statement by the claimant that he "twisted" himself is not enough. See *Martin v. Union Collieries Co.,* 141 Pa. Superior Ct. 93, 14 A. (2d) 867; *Paydo v. Union Collieries Co.,* 146 Pa. Superior Ct. 385, 22 A. (2d) 759.

Judgment reversed and entered for defendant.