## Philomena Scannella *v.* Salerno Importing Company and Aetna Casualty & Surety Co.

Argued February 11, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Charles F. Quinn,* with him *Sheer, Mazzocone & Quinn,* for appellant.

*David F. Kaliner,* with him *Kaliner & Joseph,* for appellee.

OPINION BY JUDGE KRAMER, April 13, 1971:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County affirming the adjudication of the Workmen's Compensation Board (Board). The Board affirmed the determination of its referee to dismiss appellant's fatal claim petition for benefits arising out of the death of her husband, Edward Scannella. The pertinent facts are that Edward Scannella (employee), the deceased husband of

Philomena Scannella (appellant), was hired as a salesman by the Salerno Importing Company (appellee-employer) on January 20, 1964. The employee's job entailed traveling in his automobile to the customers of the employer to sell bottled and canned foods. On February 19, 1964, the decedent left for work in good spirits and without any apparent illness but returned home at noon complaining of pains in his chest. On that same date he was taken to the hospital, where he died at 12:17 A.M., February 20, 1964.

An autopsy was performed the day after his death, and the pathologist summarized the cause of death as "acute myocardial infarction." The autopsy report also discloses associated diagnoses as (1) ventricular rupture, (2) hemopericardium, and (3) essential hypertension.

The appellant presents three arguments on her appeal to this Court seeking a reversal of the court below. First, she states that it was a reversible error of law for the Board to allow into evidence for its consideration statements made by the decedent to medical personnel. These statements were then transcribed onto the hospital records. This evidence was used to impeach the credibility of the appellant-claimant. Second, it is submitted that the Board was guilty of a capricious disregard of competent evidence in misstating the cause of death. Lastly, that the "Unusual Pathological Result Doctrine" should have applied in this case.

In considering the first point of appellant's argument the record discloses that the appellant attempted to establish that her husband was acting in the course of his duties of employment at the time of his exertion, and that this exertion was the direct cause of his death on February 20, 1964. Appellant testified that at noon of the day her husband became ill, he returned home

carrying a heavy box containing large cans of food in addition to his sample case. She stated that his complexion was grey, that he complained of pains in his chest, and that he had complained of lifting the heavy box. The appellee in its case presented the entire hospital record, which included three different and separate statements written by a doctor and two interns to the effect that the decedent in describing his symptoms and complaints disclosed that he had experienced pain from "brushing snow off his car", "after changing a tire this a.m.", and "after brushing the snow off his car window". The histories also include statements that the decedent disclosed a history of chest pains during the two years prior to his last and final hospitalization.

The appellee relied upon the hospital record and did not produce any medical testimony. The appellant argues that since the statements contained in the hospital histories are extrajudicial statements, without the benefit of cross-examination, they are hearsay and should have been excluded. It should be noted here that the appellant did not object to the introduction of the hospital records into evidence, but does now object to the use of parts of those records.

In the case of *Nesbit v. Vandervort and Curry,* 128 Pa. Super. 58, 62, 193 A. 393, 395 (1937), the Court stated: "While awards in workmen's compensation cases cannot rest wholly on hearsay evidence, . . . the Workmen's Compensation Law, by its very nature, contemplates liberality in the admission of proofs and the inferences reasonably to be drawn therefrom . . . and where the facts are sufficiently established by circumstantial evidence, hearsay testimony, not inconsistent therewith, if relevant and material to the fact in issue . . . may be considered for the additional light, if any, that it throws on the matter."

Furthermore, hospital records are admissible into evidence as an exception to the hearsay rule, under the Uniform Business Records as Evidence Act, Act of May 4, 1939, P. L. 42, 28 P.S. 91(b), and Section 422 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. 835. In connection with the competency of an entry in the history contained in the hospital records, the courts have held that the entry relied upon must be pathologically germane to the physical or mental condition which caused the patient to come to the hospital for treatment.

In the case of *Commonwealth v. Harris*, 351 Pa. 325, 330, 41 A. 2d 688, 691 (1945), although a criminal action, the court there discussed the use of hospital records as relevant evidence, and after citing Section 91(b) of the Business Records Act, *supra,* stated: "Certainly *every* 'act, condition, or event' which some hospital physician places in a hospital record does not ipso facto become competent when later an issue is being judicially tried to which such fact would be relevant *if proved by competent testimony.* The Act of 1939 obviously means that the 'act, condition, or event' recorded in the hospital must be pathologically germane to the physical or mental condition which caused the patient to come to the hospital for treatment."* (Emphasis added)

---

* The Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, No. 35, Section 2, 28 P.S. 91(b) provides: "A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The obvious reason for this exception to the hearsay evidence rule is that it is reasonable to presume that when a patient enters a hospital for treatment, especially when the patient is in pain or is anxious about his condition, he will be meticulous in relating all facts which may aid his physicians in diagnosing his illness or injury so that the physician can prescribe the proper medical treatment. Without proof to the contrary, it would be illogical to assume that a patient would describe his pains and symptoms in a false or misleading manner. When a man enters a hospital with a pain in his chest and believes himself to be ill, he is in search of help and not a claim for damages or insurance benefits.

In this case, the statements made by the decedent to the medical personnel in the hospital are clearly pathologically germane to his condition which caused him to come to the hospital. They clearly were admissible as an exception to the hearsay rule, and were competent items of evidence upon which the referee, Board and court below could base their determination. These records as admitted led the referee and Board to conclude that decedent's death was (1) not causally related to his employment, (2) was in the normal progression of a pre-existing condition, and (3) that the incident which caused decedent's death did not occur during his working hours.

In this case the referee had conflicting facts presented by the appellant and the appellee. It was for the referee and Board to make the findings of fact. As the Court said in *Jessie v. Dash,* 194 Pa. Super. 1, 9, 165 A. 2d 280, 284 (1960) : "The findings of fact of the compensation authorities cannot be disturbed unless there is *no* competent evidence to support them." (Emphasis added)

With relation to the appellant's second argument that the Board had disregarded evidence in determin-

ing the cause of death, we believe that such an argument has no merit. The entire hospital record in this case was introduced into evidence with the approval of all parties concerned. Even though the death certificate, which also was introduced into evidence, states a somewhat different cause of death, it was within the discretion of the referee and the Board to utilize all of the information and make a determination on the cause of death. It seems frivolous to argue that a death certificate which is prepared prior to an autopsy should be given the same weight as an autopsy report which discloses in far greater depth and detail the cause of death.

In *McFarlane v. Mellon-Stuart Co.*, 205 Pa. Super. 66, 69, 208 A. 2d 40, 42 (1965), the court stated: "This appeal does not present any new or unusual legal problem. It was claimant's burden to prove all of the elements necessary to support an award: Chernetsky v. William Penn Stripping Co., 200 Pa. Superior Ct. 277, 188 A. 2d 770. One of the necessary elements was that of causal relationship: Smith v. Pullman-Standard Car Mfg. Co., 194 Pa. Superior Ct. 263, 166 A. 2d 299. It was for the Board to determine from all the evidence whether claimant had sustained her burden: Hurlburt v. Fidelity Window Cleaning Co., 192 Pa. Superior Ct. 152, 160 A. 2d 251. Where the compensation authorities have found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by sufficient evidence, but whether there has been a capricious disregard of competent evidence: Verna v. Stabler, 204 Pa. Superior Ct. 87, 203 A. 2d 578. Assuming arguendo that the coroner's report of the inquest was competent evidence, the Board's disregard thereof was clearly not capricious in view of the convincing medical testimony to the contrary. Where the Board finds against the claimant,

the evidence on appeal must be viewed in the light most favorable to the employer: Lind v. Argo Lamp Co., 198 Pa. Superior Ct. 247, 181 A. 2d 726."

Finally, the appellant argues that the Board and court below should be reversed because this case is governed by the "Unusual Pathological Result Doctrine." Generally speaking, this doctrine permits recovery by an employee where there is accidental injury to the employee while doing his regular work without unusual exertion, whereby some internal organ of his body is damaged, which was not affected by any pre-existing disease or injury. See *Bird v. Brown,* 148 Pa. Super. 534, 25 A. 2d 857 (1942); *Crispin v. Leedom and Worrall Co.,* 341 Pa. 325, 19 A. 2d 400 (1941). Although we agree with the appellant that under this doctrine it would not be necessary for the appellant to prove a formal accident or an unusual exertion, we disagree that it is applicable in this case, because under that doctrine the Board must also find that the employee was "previously healthy". In this case, the hospital record, which we have already held was admissible as evidence, discloses a statement by the employee that he had experienced chest pains for about two years prior to the date of his death, and the autopsy report confirmed this. In the case of *Hamilton v. Procon, Inc.,* 211 Pa. Super. 446, 236 A. 2d 819; r. 434 Pa. 90, 252 A. 2d 601 (1969), which the appellant cites as support for her argument, can be distinguished because in that case the ultimate ruling of the court was determined on the ground of "unusual exertion" rather than "unusual pathological result".

In summary, in these cases from the Workmen's Compensation Board, where the employer has received a favorable adjudication from the Board, which is affirmed by the court below, we are bound to view the evidence in the light most favorable to the employer.

*McCafferty v. Masten Transportation, Inc.,* 205 Pa. Super. 239, 209 A. 2d 11 (1965). When the Board and court below find against the party having the burden of proof (the appellant here) the sole question on review is whether there has been a capricious disregard of competent evidence (*Pudlosky v. Follmer Trucking Co.,* 206 Pa. Super. 450, 214 A. 2d 270 (1965), *Bailey v. Smith Truck Lines, Inc.,* 206 Pa. Super. 447, 214 A. 2d 290 (1965)). Utilizing these general principles, we hold that there has not been any capricious disregard of the competent evidence in this case. Furthermore, the record fully supports the findings of the referee and the affirming adjudication of the Board and the court below, and we therefore affirm.