## Collins *v.* United States Steel Corporation.

334

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*A. J. Kuzdenyi,* for appellant.

*James D. Strader,* for appellee.

OPINION BY JUDGE BLATT, December 29, 1972:

Walter Collins (claimant) was employed by United States Steel (employer) as a mechanic, also performing plumbing and electrical work, when on June 7,

1968, he suffered an injury to his right ankle. His claim is that he was putting a pipe through a wall and had stepped on a shelf in order to see if the pipe was going through the wall properly. The shelf was approximately 18 inches off the floor, and when the claimant stepped backwards off the shelf, his ankle gave way. He reported to the first-aid office that he had sprained his ankle, and although he attempted to return to work after first-aid treatment, he found his ankle to be too painful for him to continue working. It was subsequently determined that the claimant had a deep thrombophlebitis of his right leg, which makes it extremely painful for him to walk or stand for more than an hour. As of the time of the hearing below, he had not yet been able to return to work.

The claimant filed his claim petition pursuant to the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq., had a hearing before a referee, and was granted compensation for total disability. The employer appealed this decision to the Workmen's Compensation Board (Board), which vacated the award, holding that the claimant's injury was not the result of an accident in the course of his employment. The Court of Common Pleas of Fayette County affirmed this decision.

"Our scope of review, since the decision of the Board was against the claimant, is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order and can be sustained without a capricious disregard of the evidence. Frombach v. United States Steel Corp., 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971) ; Bednar v. Westinghouse Electric Corp., 194 Pa. Superior Ct. 10, 166 A. 2d 305 (1960)." *Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 259, 294 A. 2d 215, 216 (1972).

The essential issue in this case is whether or not an "accident" has occurred. "Disability overtaking an employe at work is not compensable unless it is the result of an accident. . . . While the Workmen's Compensation Act should be liberally construed, its purpose is to compensate for accidental injuries and not to insure the life and health of an employe. . . ." *Rettew v. Graybill*, 193 Pa. Superior Ct. 564, 567-568, 165 A. 2d 424, 425-426 (1960). The burden of proving that an accident has occurred, moreover, is on the claimant. *Hurlburt v. Fidelity Window Cleaning Company*, 192 Pa. Superior Ct. 152, 160 A. 2d 251 (1960). "That which distinguishes an accident from other events is the element of being unforeseen; an accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen." *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 578, 164 A. 724, 725 (1933).

"The cases disclose four basic categories of accidents: (1) a sudden, unexpected traumatic event such as a fall or blow . . .; (2) unusual exertion in the course of work causing an unexpected and sudden injury . . .; (3) an unusual pathological result of an ordinary condition of work . . .; and (4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. . . ." *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 222, 298 A. 2d 632 (1972). In this case, because it was acknowledged that the claimant, when injured, was performing his usual work in the usual manner, only the first and third classifications mentioned above could be applicable. It is our opinion, however, that the claimant has failed to carry the burden to show that his injury was caused by an "accident", as defined by either of these remaining classifications.

To prove an accident under the first classification requires a showing of more than a feeling of pain. There must be a specific occurrence causally related to the onset of the pain. "[P]roof merely of the sudden onset of pain while an employe is engaged in his usual work in the usual manner is no evidence of an accident even where there is no evidence of a pre-existing condition; the basis of the holding is that the occurrence of the pain may not have been coincidental with the development of the injury which caused the pain and does not alone, therefore, furnish proof that an injury by accident *occurred* at the time the pain was felt." *Apker v. Crown Can Company,* 150 Pa. Superior Ct. 302, 306, 28 A. 2d 551, 553 (1942) (Emphasis in original.) *Additionally, see Adamchick v. Wyoming Valley Collieries Company,* 332 Pa. 401, 3 A. 2d 377 (1939) ; *Rupchak v. Westinghouse Electric & Manufacturing Co.,* 161 Pa. Superior Ct. 228, 54 A. 2d 309 (1947) ; *Baston v. Stoehr & Fister,* 151 Pa. Superior Ct. 618, 30 A. 2d 640 (1943) ; *Toohey v. Carnegie Coal Corporation,* 150 Pa. Superior Ct. 297, 28 A. 2d 362 (1942).

From the claimant's own testimony it is clear that he did not suffer an accident as contemplated by the above cases. The following is an example.

"Q. You said you stepped up on this shelf and then you stepped backwards. A. Right. Q. And this is when your foot began to hurt. A. Right. Q. And you don't know whether you tripped on anything or not. A. There was some pockets-like on the floor and I don't know if I stepped on one of those, but I turned my ankle. That is all—because it hurt. Q. You don't know whether you turned it or not. A. I don't know how I got the pain. I would say I turned it because the guy who was helping me—he said—what did you do?—and I said—I think I turned my ankle. Q. But

you are not sure whether you tripped on anything at all. Are you not? A. No. I can't remember."

It is true, of course, that although cases such as *Apker, supra,* established a strict construction of what constitutes an accident, later decisions have developed the more liberal Unusual Pathological Result Doctrine, and essentially, this is the third classification of accidents noted above. It has been stated that "where the work or act performed by the employe is voluntary and not marked by any abnormal or unusual feature but where there occurs an unexpected and unusual pathological result, that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause, it is a compensable accident. . . ." *Gammaitoni v. Gasparini Excavating Company,* 185 Pa. Superior Ct. 643, 646, 139 A. 2d 679, 681 (1958). *Also, see Corbeil v. A. & P. Stores,* 213 Pa. Superior Ct. 1, 245 A. 2d 864 (1968) ; *Barber v. Fleming-Raugh, Inc.,* 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966).

The claimant's injury here might be considered the result of an accident under this doctrine except for the fact that the injury suffered was essentially the aggravation of a pre-existing injury. The courts have consistently held in unusual pathological result cases that: "Such disability is not compensable if it results from the aggravation of a pre-existing physical weakness. . . ." *Wance v. Gettig Engineering and Mfg. Co., Inc.,* 204 Pa. Superior Ct. 297, 300, 204 A. 2d 492, 494 (1964). The claimant's medical witness, Dr. Mark Montgomery, testified that the claimant's leg suffered from a pre-existing condition, having been injured in an earlier accident. Dr. Montgomery was asked : "What is your opinion from the history in this case as to whether or not this incident occurring when he sprained his ankle [the June 7, 1968 injury], aggravated his

condition." He answered: "I think it aggravated a previous injury."

We believe that the testimony makes it clear that this injury was not caused by an unusual pathological result, nor could it in any other manner be considered an accident. We must, therefore, affirm the order of the lower court.