Bayuk Cigar Company, et al. *v.* Hawn, et al.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Robert O. Beers,* with him *Anderson, Ports, May & Beers,* for appellants.

*Allen H. Smith,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 28, 1973:

This is an appeal from a decision of the Workmen's Compensation Appeal Board granting benefits to the claimant-appellee.

The claimant was employed by the appellant, Bayuk Cigar Company, as a machinist's apprentice in November of 1968. On March 18, 1969, at the request of a "floor lady under the the superintendent," the claimant

moved several boxes filled with empty glass tubes used for preservation of cigars from an aisle to a nearby wall. As the claimant stacked the last box weighing approximately forty pounds on a level above his head, he felt a sharp pain in his back.

The claimant was ultimately hospitalized and a laminectomy was performed to correct an adhesion around the L3L4 nerve root on the left side of claimant's back.

A claim petition was filed by the claimant on September 24, 1969. After hearings on June 4, 1970 and August 12, 1970, the referee disallowed compensation. The Workmen's Compensation Appeal Board reversed the referee in an opinion filed June 15, 1972 and granted compensation to the claimant.

The decision of the Board has been appealed to this Court.

The appellants contend that there is not sufficient competent evidence in the record to support a finding by the Board that the claimant suffered an accident as a result of over-exertion greater in amount than that to which the claimant was ordinarily subjected.

We agree with the appellant's contention.

Pursuant to Section 427 of the Act of February 8, 1972, P. L.    , (No. 12) and the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. 1710, et seq., a reviewing court shall affirm an adjudication of the Workmen's Compensation Appeal Board unless constitutional rights have been violated, the decision is not in accordance with law or a necessary finding of fact is not supported by substantial evidence. *Nash v. Sadnes' Sons, Inc.*, 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972).

Testimony adduced at the hearing before the referee indicates that the claimant was suffering from a degenerative back condition prior to the accident. This condition was unknown to him.

Since the claimant was suffering from a chronic back condition prior to his injury on March 18, 1969, no reliance can be placed on the "Unusual Pathological Result Doctrine" to establish a compensable accident within the meaning of the Workmen's Compensation Act.[1] See *Scannella v. Salerno Importing Company and Aetna Casualty Company and Surety Co.*, 2 Pa. Commonwealth Ct. 11, 275 A. 2d 907 (1971); *Beck v. Container Corporation of America*, 207 Pa. Superior Ct. 456, 218 A. 2d 839 (1966).

In order for claimant to recover compensation in this case, it is necessary for the claimant to show[2] that the work in which the employe was engaged in at the time of the injury was of a different nature and required a materially greater amount of exertion than that the employee was subjected and that this increased severity of the work was the cause of, and not merely coincidental with, the aggravation of a previously existing infirmity. *Morgan v. Michael Baker, Jr., Inc.*, 204 Pa. Superior Ct. 521, 205 A. 2d 668 (1964).

Giving all favorable inferences to the claimant, it is the decision of this Court that the claimant has failed to sustain its prescribed burden and that the Workmen's Compensation Appeal Board did not have sufficient competent evidence on which to base a finding in favor of the claimant.

The record discloses that the claimant, in his duties as an apprentice mechanic, often moved boxes which interfered with his access to machines. These boxes were sometimes filled with cigars, making them heavier than the boxes he was moving when the injury occurred.

---

[1] The term "injury by an accident in course of his employment" is defined in the Act of June 2, 1915, P. L. 736, Art. III, §301(c), as amended, 77 P.S. §411.

[2] *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846 (1966), places the burden in the claimant to prove all the elements necessary to support an award.

In addition, it was not unusual for the claimant to lift machines and the various tools used in repair of these machines.

There is also testimony by the master mechanic in charge of the floor on which the claimant worked that the claimant's duties were that of a general handyman who performed odd jobs on his particular floor, jobs which included the lifting and stacking of boxes.

The record is woefully lacking in any evidence that the stacking of these boxes by the claimant on the date in question was work of a different nature than that to which the claimant was usually accustomed. Nor is there competent evidence indicating that the work performed required a materially greater amount of exertion, risk or exposure than that to which claimant was ordinarily subjected. The claimant had the burden of proving these facts.

The claimant suggests that he did not stack boxes daily and his performance of this task on the day in question was therefore unusual. However, by his own admission, the claimant moved boxes at request, and whenever they interfered with access to the machines he sought to repair. The crucial factor in these cases is whether the act causing injury was unusual and untoward in the course of the employment in which the employee was engaged. *Weissman v. Philadelphia Electric Company,* 111 Pa. Superior Ct. 353, 170 A. 318 (1934). Such a conclusion cannot be gleaned from a review of the record.

We are also guided by the Pennsylvania Supreme Court's decision in *Rathmell v. Wesleyville Borough,* 351 Pa. 14, 40 A. 2d 18 (1944). There a policeman whose usual duties were patrolling streets in a car was denied compensation on a claim that he incurred circulatory problems in his extremities after leading a funeral procession on a motorcycle. Prior to this, how-

ever, the policeman had been afflicted with a chronic disturbance in the circulation of the extremities.

In *Rathmell, supra,* as here, there was no showing that the work the employee was engaged in required a materially greater amount of exertion thus justifying the conclusion that the increased severity of the work was the cause of the aggravation of the previously existing infirmity.

For the above stated reasons, we find it necessary to reverse the finding of the Board and deny the claimant's request for compensation.

### ORDER

AND Now, this 28th day of February, 1973, the Order of the Workmen's Compensation Appeal Board is hereby reversed.