Page's Department Store and Greater New York Mutual Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Crispino Velardi, Appellees.

Argued June 8, 1973, before Judges KRAMER, WIL-KINSON, JR. and BLATT, sitting as a panel of three.

*John R. Lenahan,* with him *Joseph A. Murphy* and *Lenahan, Dempsey & McDonald,* for appellants.

*Irving M. Stern,* with him *James W. Cullen,* for appellees.

OPINION BY JUDGE BLATT, September 7, 1973:

Crispino Velardi (claimant) was employed by Page's Department Store (employer) in Sayre. While arranging merchandise in a display window on May 11, 1971, he suffered an injury to his back. This activity, which was not unusual for the claimant in the performance of his duties, involved bending and lifting lawn mowers and other items, and the injury occurred when he lifted a lawn mower weighing approximately fifty pounds from the floor to a platform about six inches high. He had bent over to set the lawn mower down, and, when he tried to stand up straight, he felt a sharp pain in his back. It was subsequently determined that he was suffering from a herniated intervertebral disc, and a laminectomy was performed to remove it. He has since been unable to return to his job with the employer, and could not perform any other job which would involve strain on his back.

The claimant filed a claim petition pursuant to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq. During the course of the subsequent hearing, at which the only witnesses were the claimant and his physician, there was testimony to the effect that the claimant had previously suffered an injury to his back in 1957 and also that he suffered from a congenital variation in his back called spondylolisthesis. His physician testified, when asked if the claimant's disc could have been ruptured or injured in the 1957 accident, instead of in the incident here concerned, that it was "possible but unlikely." The physician also stated that the manner in which the injury occurred here seemed inconsistent with the possibility that spondylolisthesis could have been its cause.

Following the hearing, the referee found as a fact that "the claimant was performing his usual work in the usual manner and he failed to prove that he sustained an accidental injury while working for the defendant." Compensation benefits were, therefore, denied. The Workmen's Compensation Appeal Board (Board) took no additional evidence on appeal, but, applying the so-called unusual pathological result doctrine, found that the claimant had suffered an accident in the course of his employment and awarded him benefits.

Our scope of review here is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact was unsupported by substantial competent evidence. *Arnold Coal & Supply Co., Inc. v. Markle,* 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Bayuk Cigar Company v. Hawn,* 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973). And where, as here, the Board has taken no additional evidence, and the referee has found adversely to the claimant, we must rely on the facts as found by the referee if there has not been a capricious disregard of competent evidence. *Cf. Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The essential issue in this case, therefore, is whether or not the claimant did conclusively prove his injury to be the result of an accident. "[T]he claimant has the burden of proving by a preponderance of the evidence, that his injury resulted from an accident as that term is used in the Workmen's Compensation Act. . . . Although the term 'accident' is not defined in the Act, courts have generally defined it as a sudden event which takes place without foresight or expectation. . . . The cases disclose four basic categories of accidents: (1) a sudden, unexpected traumatic event such as a fall or blow . . . (2) unusual exertion in the course of

work causing an unexpected and sudden injury . . . (3) an unusual pathological result of an ordinary condition of work . . . and (4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. . . ." *Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth Ct. 216, 221-222, 298 A. 2d 632, 635 (1972).

The facts of this case make it clear, as the Board recognized, that the only definition of "accident" which could possibly be applicable here is the third one stated above (i.e., an unusual pathological result of an ordinary condition of work). However, "the doctrine holds that where an employee sustains an injury to some part of his body *not previously injured or diseased,* resulting in a break of the bony structure or a tear in the soft tissue of the body, while doing his usual duties in the usual way, then the injury is compensable because the accident resides in the extraordinary nature of the effect rather than in the cause." (Emphasis in original.) *A. P. Green Refractories Co. v. Luckey,* 8 Pa. Commonwealth Ct. 172, 179-180, 301 A. 2d 914, 918 (1973). *See Arnold Coal & Supply Co., Inc. v. Markle, supra; Bayuk Cigar Company v. Hawn, supra; Collins v. United States Steel Corporation,* 7 Pa. Commonwealth Ct. 333, 298 A. 2d 637 (1972) ; *Scannella v. Salerno Importing Company,* 2 Pa. Commonwealth Ct. 11, 275 A. 2d 907 (1971). While the injury sustained by the claimant on May 11, 1971, would seem to have some of the elements necessary to establish that its cause was an accident under the unusual pathological result doctrine, there was one important deficiency: there *was* a preexisting injured or diseased condition. And, as we have previously held: "If the claimant's preexisting physical weakness or disease is causally connected to the injury suffered while in the course of the employe's normal duties, then even if his work experience accelerates the pathology to a painful and dis-

abling consequence, there still can be no recovery because the doctrine does not apply. . . . When the performance of one's usual duties aggravates a preexisting back ailment or *disease,* there can be no recovery under the doctrine. . . . We do not say that an employe must be a perfect physical specimen. A preexisting condition will not bar a finding of an accident if the condition is not causally related to the injury claimed." (Emphasis in original.) *Yuhas v. Bethlehem Steel Corporation,* 8 Pa. Commonwealth Ct. 302, 308, 303 A. 2d 266, 269 (1973).

When it is clear, as it is here, that the claimant had suffered an earlier back injury and was suffering from spondylolisthesis, the question remaining was whether or not the preexisting condition was causally related to the injury, and this was for the referee to decide. While the claimant's physician stated that the facts surrounding the injury did not make it likely that it had been caused by the preexisting condition, still he did not clearly state that the injury could not possibly have been so caused. And no other evidence, except that of the claimant, was offered. The burden of proof, of course, was on the claimant, and the referee apparently did not believe that this burden had been met. While we might have found differently if we had heard the evidence, it is not our function to be the finder of fact. This was the referee's role, and he was not convinced. We cannot hold that, in so finding, the referee made any error of law or capriciously disregarded competent evidence.

For the above reasons, therefore, we issue the following

#### ORDER

Now, September 7, 1973, the order of the Workmen's Compensation Appeal Board is reversed and Crispino Velardi's claim for benefits is hereby denied.