International Paper Company, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Albert Nello, Respondents.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Thomas F. McDevitt,* for petitioner.

*R. Stuart Jenkins,* for respondent, Albert Nello.

OPINION BY JUDGE ROGERS, December 5, 1980:

International Paper Company (International), a self-insurer, has appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which awarded workmen's compensation benefits to Albert Nello. We affirm.

Mr. Nello had been employed by International since March, 1960, as a press helper, a position which involved the lifting and feeding of various sizes of corrugated cardboard into processing machines. Some time in July, 1971, Mr. Nello injured his back while performing his normal duties. He continued to work until August 4, 1971, at which time back pain rendered him unable to continue. On August 5, 1971, Mr. Nello began receiving treatment for his back from his family physician. Mr. Nello also applied for and received non-accident related sick benefits from International's health and sickness insurance carrier, Metropolitan Life Insurance Company (Metropolitan). Mr. Nello

was subsequently hospitalized four times over a two-year period for back pains and related problems.

On December 21, 1972, Mr. Nello filed a claim for workmen's compensation benefits, alleging total disability due to a work related injury in July, 1971. International filed a general denial to Mr. Nello's application. Several hearings were held before a referee in 1973 through 1975. The referee, in an order issued December 21, 1976, found that Mr. Nello suffered an injury while performing his normal work on a day in July, 1971, "the exact date being unknown by the claimant, but which the Referee finds to be July 26, 1971." The referee concluded that this injury was compensable under the unusual pathological result doctrine and awarded benefits to Mr. Nello.[1] The referee's order also subrogated Mr. Nello's benefits to be received from International to a claim of Metropolitan for approximately $13,000.00 as reimbursement for benefits previously paid by Metropolitan to Mr. Nello under International's health and sickness insurance coverage. The referee further directed that twenty percent of Metropolitan's claim be paid to Mr. Nello's counsel as attorney fees. The Board, without taking any additional evidence, affirmed the referee's order.

International first contends that there is not substantial evidence in the record to support the referee's finding that Mr. Nello suffered an injury at work on July 26, 1971. It is true, as the referee recognized, that Mr. Nello was not certain of the date on which his injury occurred. Mr. Nello testified that he thought that he injured his back at work in about the second week of July, but that he was not certain of the date. This testimony would place the injury between July 7 and

---

[1] This case arose prior to the 1972 amendments to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, §101 et seq., *as amended*, 77 P.S. §1 et seq.

July 14. Therefore, International argues, the referee erred in finding that a compensable injury occurred on July 26, 1971. However, Mr. Nello also testified that at the time of his injury, he was working on the second shift at a Flexo machine and that he reported his injury to his foreman, Robert Leggett.[2] Mr. Nello's timecards for July and August, 1971, which are part of the record, show that only on July 26, 1971, did Mr. Nello work the second shift at a Flexo machine under Mr. Leggett. This evidence provides sufficient support for the referee's finding that Mr. Nello's injury must have occurred on July 26, 1971.

International next claims that the referee erred in concluding that Mr. Nello's back injury was compensable under the unusual pathological result doctrine. The unusual pathological result doctrine " 'holds that where an employee sustains an injury to some part of his body not previously injured or diseased, resulting in a break of the bony structure or a tear in the soft tissue of the body, while doing his usual duties in the usual way, then the injury is compensable because the accident resides in the extraordinary nature of the effect rather than in the cause.' " *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 130, 309 A.2d 169, 171 (1973) (emphasis omitted) (*quoting A. P. Refractories Co. v. Luckey,* 8 Pa. Commonwealth Ct. 172, 179-80, 301 A.2d 914, 918 (1973)). International contends that Mr. Nello had a history of back injuries and therefore, since his back had been "previously injured", the un-

[2] The testimony on whether the injury was reported is conflicting. Mr. Nello testified he did report the injury to Leggett; International produced witnesses who testified that no such report was made. The conflict was resolved by the referee in Mr. Nello's favor. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977).

usual pathological result doctrine does not apply. However, a preexisting condition will not bar a finding of an accident under the doctrine if the condition is not causally related to the injury claimed. *Yuhas v. Bethlehem Steel Corp.*, 8 Pa. Commonwealth Ct. 302, 308, 303 A.2d 266, 269 (1973). Mr. Nello's treating physician, Dr. Dunn, testified unequivocally that Mr. Nello's back injury of July 26, 1971, was not related to or caused by his prior back injuries. Although International introduced opposing medical testimony, the referee chose, as was his prerogative, to accept Dr. Dunn's testimony that Mr. Nello's prior back injuries were not causally related to the injury for which Mr. Nello claimed compensation. Therefore, the referee did not err in applying the unusual pathological result doctrine.

Finally it is urged by International's counsel that he represented Metropolitan and that he, not Mr. Nello's counsel, should have been awarded the fee on account of the recovery of subrogation for Metropolitan. The only record evidence of International's counsel's representation of Metropolitan was that counsel's statement to such effect made during the course of a referee's hearing, during which he also vigorously resisted Mr. Nello's claim. Of course, there would be no fund to which Metropolitan could be subrogated if Mr. Nello's claim were disallowed as International's counsel was urging. "The right to subrogation derives from equitable principles. Equity . . . clearly demands that the subrogee of a fund *created by a claim* pursued by the claimant should be required to contribute proportionately to reasonable fees and costs expended *in producing the fund.*" *Workmen's Compensation Appeal Board v. Del Vecchio*, 23 Pa. Commonwealth Ct. 244, 248, 351 A.2d 691, 693 (1976). (Emphasis supplied.) Since it was Mr. Nello's counsel whose efforts created the fund to which Metropolitan was subro-

gated, equity requires that he, not counsel who opposed the creation of a fund, should be paid.

Order affirmed; judgment to be entered consonant with the order below.

ORDER

AND Now, this 5th day of December, 1980, it is ordered that judgment be entered in favor of Albert Nello and against International Paper Company for the payment of workmen's compensation benefits at the rate of $60 per week commencing July 26, 1971 and continuing into the indefinite future in accordance with the terms and limitations of the Pennsylvania Workmen's Compensation Act, less the sum of $2,028.00 paid to Albert Nello by Metropolitan Life Insurance Company.

It is further ordered that International Paper Company pay Albert Nello $649.31 as reimbursement for medical expenses.

All deferred payments of compensation shall bear interest at the rate of six percentum (6%) per annum.

It is further ordered that International Paper Company pay to Metropolitan Life Insurance Company $2,028.00 as reimbursement for sick and accident benefits paid to Albert Nello, as well as $11,030.65 for medical expenses of Albert Nello paid by Metropolitan Life Insurance Company within one year of the date of Albert Nello's injury.

It is further ordered that International Paper Company pay directly to Albert Nello's counsel, out of Albert Nello's award, twenty percentum (20%) of each payment of compensation due Albert Nello and pay directly to Albert Nello the balance of such compensation. The award for the purposes of calculating attorney's fees shall include the weekly benefits, interest and medical expenses due Albert Nello.

138

It is further ordered that International Paper Company pay directly to Albert Nello's attorney twenty percentum (20%) of the sum awarded to Metropolitan Life Insurance Company and pay the balance of such award directly to Metropolitan Life Insurance Company.